510 P.2d 1104

**Marvin E. HAMMER, Plaintiff and Appellant,**

**v.**

**GIBBONS AND REED COMPANY, a corporation, Defendant and Respondent.**

**No. 13132.**

Supreme Court of Utah.

June 5, 1973.

---

C. C. Patterson and Phillip C. Patterson, of Patterson, Foley, Phillips & Gridley, Ogden, for plaintiff and appellant.

F. Robert Bayle and Wallace R. Lauchnor, of Bayle & Lauchnor, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

Mr. Hammer, the appellant, was employed by a joint venture operating under the name of "Solar Pond Complex" and consisting of the respondent and two other large construction companies. The joint venture agreement set forth, in the following language, the purposes for which it was entered into:

> NOW, THEREFORE, said parties hereto hereby constitute themselves as Joint Venturers for the purpose of performing and completing the Construction Contract, but not for any other purposes, it being expressly understood that this agreement contemplates only the furnishing and performance of the work, labor, services, materials, plant, *equipment* and supplies necessary to the completion of the Construction Contract . . . [Emphasis added.]

Each party to the joint venture agreement owned and was possessed of certain equipment which could be furnished to do the work required in the construction of the Solar Pond Complex. Attached to and made a part of the agreement was a sched-

ule of equipment which might be used on the job together with an agreed hourly rate of pay to be allowed to the owner for the use of said equipment. Included in the list was a machine known as a Kocal Loader owned by the defendant and furnished to the joint venture. It was the duty of the appellant to grease it. He undertook to do so while it was in operation and was injured when a part of his clothing got caught in the moving parts of the machine. He claims that the machine was defective and known to be so by the defendant when it was supplied to the job.

■■■ The plaintiff could not sue his employer, the joint venture, because of our Workmen's Compensation statute,[1] which provides:

> The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or not, shall be the exclusive remedy against the employer and shall be the exclusive remedy against any officer, agent or employee of the employer . . .

The appellant argues that when the respondent supplied the Kocal Loader, respondent was an independent contractor and was not in the performance of any of its duties as a joint venturer and consequently would be liable for furnishing a dangerous and defective machine.

Joint venturers bear the same relation to each other as do the partners in a partnership. Each is an agent of the entity. Here the contract states that one of the purposes of forming the joint venture was to furnish *equipment* to the job.

We are unable to follow the argument of appellant to the effect that when respondent furnished the Kocal Loader, respondent was acting outside of its responsibilities as a joint venturer.

■ The appellant also claims res judicata because of prior motion by respondent for summary judgment was denied by a judge, now deceased. However, appellant thereafter pursued discovery proceedings, including the taking of depositions of witnesses, and after a pretrial conference before a different judge, the respondent again moved for summary judgment, which motion was granted.

The denial by a judge of a motion for summary judgment is not a final judgment so as to be binding on a second judge. Although the making of repeated motions for the same relief under the same circumstances might be considered a contempt of court,[2] the circumstances in this case were not the same when the second motion was made as existed at the time of making the

1. Section 35–1–60, U.C.A.1953.

2. Sections 78–7–19 and 78–7–20, U.C.A. 1953.

**418**

prior motion for summary judgment. There had been further discovery and, in addition, a pretrial conference. There is no merit to this claim.

It is clear to us that the defendant here was an agent of the employer of the plaintiff and is, therefore, immune from liability for injuries sustained by plaintiff while on the job. The judgment of the trial court is affirmed. No costs are awarded.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.