127 N.J. Super. 407 (1974)
317 A.2d 731
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SILLMOND S. HALE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 18, 1974.
Decided March 27, 1974.
*409 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. James K. Smith, Jr., Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Martin F. Siegal, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, J.S.C., Temporarily Assigned.
Defendant appeals his conviction on an indictment charging him with robbery in violation of N.J.S.A. 2A:141-1 and possession of a firearm while committing robbery in violation of N.J.S.A. 2A:151-5. Defendant's sole ground of appeal is that the trial court erred in admitting into evidence a confession which the court had previously ruled to be inadmissible at the first trial.
At the first trial the court, after conducting a Miranda hearing, excluded the confession because the State had failed to satisfy the court beyond a reasonable doubt that the statement was given voluntarily. The first trial ended in a mistrial *410 by virtue of the inability of the jury to agree upon a verdict, thus necessitating a second trial. At the second trial the court again conducted a Miranda hearing over objection of defendant, who argued that the question had already been determined at the first trial adversely to the State. The court overruled the objection and after hearing testimony from the State, which was more extensive than that presented at the first trial, found that the statement was voluntary and admitted the confession into evidence. Defendant contends that the court's ruling at the first trial that his statement was inadmissible became the "law of the case" and could not be relitigated at the second trial. We disagree.
It has been generally stated that the "law of the case" doctrine "applies to the principle that where there is an unreversed decision of a question of law or fact made during the course of litigation, such decision settles that question for all subsequent stages of the suit." Wilson v. Ohio River Company, 236 F. Supp. 96, 98 (S.D.W. Va. 1964), aff'd 375 F.2d 775 (4 Cir.1967). This rule is based upon the sound policy that when an issue is once litigated and decided during the course of a particular case, that decision should be the end of the matter. United States v. U.S. Smelting Refin. & M. Co., 339 U.S. 186, 198, 70 S.Ct. 537, 94 L.Ed. 750 (1950). "Law of the case" most commonly applies to the binding nature of appellate decisions upon a trial court if the matter is remanded for further proceedings, or upon a different appellate panel which may be asked to reconsider the same issue in a subsequent appeal. 5 Am. Jur.2d, Appeal and Error, § 744 at 188-189 (1962); Scamahorne v. Commonwealth, 376 S.W.2d 686 (Ky. Ct. App. 1964). A final judgment is required in order to sustain an application of the rule, just as it is for the kindred rule of res judicata. United States v. U.S. Smelting Refin. & M. Co., supra, 339 U.S. at 199, 70 S.Ct. at 544.
The doctrine of "law of the case" is also applied to the question of whether or not a decision made by a trial court during one stage of the litigation is binding throughout *411 the course of the action. 5 Am. Jur.2d, supra at 189. The use of the doctrine in this situation avoids repetitious litigation of the same issue during the course of a single trial. With respect to this aspect of "law of the case" it has been generally stated that "the `law of the case' concept is merely a non-binding decisional guide addressed to the good sense of the court in the form of `a cautionary admonition' against relitigation `when the occasion demands it.'" Ross Products, Inc. v. N.Y. Merchandise Co., 242 F. Supp. 878, 879 (S.D.N.Y. 1965). The distinction between the doctrine of "law of the case" and res judicata is readily apparent: "one directs discretion: the other supersedes it and compels judgment. In other words, in one it is a question of power, in the other of submission." Southern Ry. Co. v. Clift, 260 U.S. 316, 319, 43 S.Ct. 126, 127, 67 L.Ed. 283 (1922). "Law of the case" therefore operates as a discretionary rule of practice and not one of law. United States v. U.S. Smelting Refin. & M. Co., supra, 339 U.S. at 199, 70 S.Ct. at 544. See 5 Am. Jur.2d, supra at 189, wherein it is stated:
The doctrine of the law of the case has certain affinities with, but is clearly distinguishable from, the doctrines of res judicata and stare decisis, principally on the ground that the rule of the law of the case operates only in the particular case and only as a rule of policy and not as one of law.
See also West Point Island Savings Ass'n v. Dover Tp. Comm., 54 N.J. 339, 344 (1969); United States v. U.S. Smelting Refin. & M. Co., supra.
Thus, "law of the case" may be applied in a situation where one judge decides a pretrial motion to suppress, but another judge conducts the trial. In such a case, the decision rendered at the pretrial hearing may be said to be the "law of the case" during the subsequent trial. See State v. Bell, 89 N.J. Super. 437, 440 (App. Div. 1965), State v. Contursi, 44 N.J. 422, 425 (1965); State v. Fioravanti, 78 N.J. Super. 253, 255 (App. Div. 1963), aff'd in part and vacated in part, 46 N.J. 109 (1965).
*412 We point out, of course, that a motion to suppress is readily distinguishable from an objection to the admissibility of a confession under the Miranda doctrine. A motion to suppress must be made prior to trial pursuant to R. 3:5-7 (a). See State v. McKnight, 52 N.J. 35, 48 (1968). The determination of a motion to suppress remains a part of the case and is available for review on appeal. In fact, the State may seek leave to appeal an order of the trial court entered on such motion pursuant to R. 2:3-1(b)(2). This is not true of a trial court ruling on the admissibility of a confession of a defendant following a Miranda hearing.
The effect of a jury disagreement mandating the declaration of a mistrial and a subsequent trial negates the finality of any decision or ruling reached on the first trial. A mistrial is not a judgment or order in favor of any of the parties. It lacks the finality of a judgment, and means that the trial itself was a nullity. The effect of the declaration of a mistrial is aptly explained in United States v. Mischlich, 310 F. Supp. 669, 672-673 (D.N.J. 1970), aff'd sub nom. United States v. Pappas, 445 F.2d 1194 (3 Cir.1971), cert. den. 404 U.S. 984, 92 S.Ct. 449, 30 L.Ed.2d 368 (1971), as follows:
The declaration of a mistrial renders nugatory all trial proceedings with the same result as if there had been no trial at all. See 58 C.J.S. Mistrial at 833-834 (1948). The situation which exists is analogous to that which results from an appellate reversal and remand for new trial. See 5 Am.Jur.2d Appeal and Error § 955 at 382 (1962). The parties are returned to their original positions and, at the new trial, can introduce new evidence and assert new defenses not raised at the first trial. See, e.g., United States v. Shotwell Mfg. Co., 355 U.S. 233, 243, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957); United States v. Romano, 241 F. Supp. 933, 936-937 (D. Me. 1965); 5 Am.Jur.2d Appeal and Error § 955 (1962). Compare United States v. Lutz, 420 F.2d 414 (3d Cir.1970) where, although a jury trial had been waived by both parties at the first trial and later a mistrial was declared, in a second trial it was held that a jury trial would be allowed upon the insistence of one of the parties. The Court said (p. 416):
"Once a mistrial was declared each party was free to assert or waive his rights."
*413 Thus, we are of the view that the trial court's ruling as to the admissibility of the confession made following the Miranda hearing during the first trial was not the "law of the case" binding on the court when the same issue was raised at the second trial. The declaration of mistrial rendered nugatory all of the proceedings during the first trial. The State and defendant were returned to their original positions as if there had not been a trial. Each was entitled to offer evidence and to make motions and objections without limitation to that which had been offered or made at the first trial, and without being bound by the prior rulings of the court with respect thereto. If the result were otherwise, the evidentiary problems on a retrial would be insurmountable and the administration of justice rendered completely unworkable. Consequently, the State was entitled to offer in evidence defendant's confession at the second trial, and the court below properly conducted a Miranda hearing to determine the admissibility thereof. Accordingly, the judgment below is affirmed.