**Wallace L. RICHARDSON, Plaintiff and Appellant,**

v.

**GRAND CENTRAL CORPORATION, Defendant and Respondent.**

**No. 14931.**

Supreme Court of Utah.

Dec. 2, 1977.

Brian R. Florence, of Florence & Hutchison, Ogden, for plaintiff and appellant.

H. Wayne Wadsworth, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff, Wallace L. Richardson, sued his former employer, Grand Central Corporation, alleging libel and slander resulting from notations on his dismissal slip relating to the reason for his termination. One judge of the second district, Calvin Gould, denied a motion by defendant for summary judgment. At trial, after the presentation of plaintiff's evidence, another judge of the second district, Ronald O. Hyde, granted defendant's motion for a directed verdict on the ground that no cause of action had been proved.

Plaintiff appeals contending: (1) that the denial of the motion for summary judgment had become the "law of the case" to the effect that he had a cause of action; and (2) that the evidence justified submission to a jury the questions as to malice and excessive publication.

Plaintiff was the department manager of the camera bar at Grand Central's store at 28th Street and Washington Boulevard in Ogden. On Monday, May 12, 1975, he was responsible for opening the store and making an accounting of the previous weekend's receipts. That morning, the safe, which plaintiff as a department manager has access to, contained a metal cash box containing change for the cash registers and other items of no concern here. Store rules required everyone entering the safe to sign a log sheet and have the entry into the safe witnessed by another store employee, who was also to sign the log sheet.

Plaintiff made his initial counting and reported $1,588 in the cash box to the counting department, which subsequently requested him to re-check his count. He thereupon re-entered the safe and verified his original count. He signed the log sheet only the first time he entered the safe. Both times he requested other employees to witness his entry but they did not sign the log sheet.

Later in the day, at approximately 12:30 p.m., one of the other department managers found that the cash box was missing, and despite a search, it was not found. Plaintiff told the store manager, Vic Hunsucker,

that he did not believe he had left the money outside of the safe. But upon questioning, he would not say so positively, because he said that he did not want to suggest that other employees may have taken the box.

The following day the plaintiff was given a termination notice, commonly known as a "blue slip," required by the Utah Department of Employment Security. It stated the reason for discharge as: "Violation of safe procedure policy" and further explained: "Negligence on his part resulting in the loss of $1,588.00. Failed to properly secure money box in safe."

There was no evidence of publication of this "blue slip" to anyone other than the parties immediately concerned, and thus not in excess of the conditional privilege in such situations.[1] On that issue the defendant called two witnesses, Kaylene Calhoon, a Grand Central service desk employee, and Sue Gaskill, a sales representative for a supplier of tapes and records to Grand Central. Both testified that they had heard in Grand Central that Mr. Richardson had been fired because he was responsible for the loss of the cash box; but neither could recall who made the statements, or even if they had been made by someone connected with Grand Central management.

▋ The purpose of the doctrine of "the law of the case" is that in the interest of economy of time and efficiency of procedure, it is desirable to avoid the delays and the difficulties involved in repetitious contentions and rulings upon the same proposition in the same case. But it is also true that generally preliminary or interim rulings do not rise to the dignity of res judicata or stare decisis.[2] It is further true that

ordinarily one judge of the same court cannot properly overrule the decision of another judge of that court. Notwithstanding those propositions, the ruling of one judge as to the sufficiency or effect of pleadings, does not prevent another division of the court from considering the same question of law if it is properly involved on a subsequent motion which presents the case in a different light.[3] Similarly, the denial of a motion for summary judgment is not binding upon another division of the court in different circumstances, such as where the evidence has been presented so a judgment can be formed with respect thereto.[4]

In denying defendant's motion for summary judgment, Judge Gould indicated that whether any applicable privilege protected the defendant might depend on whether the "blue slip" and the information thereon was handled in a cavalier or careless manner, or otherwise.

After the presentation of the plaintiff's evidence, Judge Hyde concluded that it had not been shown that there was a basis upon which reasonable minds could believe that the requisites for a cause of action against the defendant for libel or slander had been met. In order to do so, it would have to appear that the notations on the "blue slip" were made without an honest belief of their truthfulness, or that they were made and published arising from spite, ill will, or hatred toward the plaintiff,[5] or that there was excessive publication motivated by a desire to do him harm.[6]

▋ Plaintiff has not sustained his burden on appeal of showing that the trial court was in error in concluding that the evidence, even when looked at in the light most favorable to the plaintiff's conten-

---

1. This court has adopted the rule stated in the Restatement of the Law of Torts, Sec. 594, as applied to an employer's constitutional privilege, see *Hales v. Commercial Bank of Spanish Fork*, 114 Utah 186, 197 P.2d 910 (1948); and *Combes v. Montgomery Ward*, 119 Utah 407, 228 P.2d 272 (1951).

2. 21 C.J.S. Courts § 195; 5 Am.Jur.2d, Appeal & Error, Sec. 744.

3. 132 A.L.R. 14, at p. 55.

4. *Hammer v. Gibbons & Reed Co.*, 29 Utah 2d 415, 510 P.2d 1104 (1973).

5. *Combes v. Montgomery Ward, supra; Berry v. Moench*, 8 Utah 2d 191, 331 P.2d 814 (1958); *Williams v. Standard-Examiner*, 83 Utah 31, 27 P.2d 1 (1933).

6. *Direct Import Buyers Association v. KSL, Inc.*, Utah, 538 P.2d 1040 (1975).

tions, failed to provide a basis for the finding of such a cause of action. Accordingly, the district court was justified in granting defendant's motion for a directed verdict, and the judgment is therefore affirmed. Costs to defendant (respondent).

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.