**John C. SITTNER, Plaintiff and Respondent,**

v.

**BIG HORN TAR SANDS & OIL, INC., a Utah corporation, Tarbo, Inc., a Utah corporation, and OTS Research, J. Robert Brimhall, Arnold E. Berney, Bruce Gildea, Peter E. Berney, Dell Brimhall, Gary Brimhall, Bernard Berney, H. Delbert Welker and Arlon Miller, Defendants and Appellants.**

No. 19520.

Supreme Court of Utah.

Oct. 19, 1984.

John R. Bucher, Salt Lake City, for defendants and appellants.

L. Benson Mabey, Salt Lake City, for plaintiff and respondent.

ZIMMERMAN, Justice:

This action upon a promissory note was originally filed against three defendants, two corporations and OTS Research, a Utah general partnership. After the trial court entered a stipulated judgment

against those defendants on the $30,000 note, plaintiff amended his complaint and sought judgment against the nine general partners of OTS alleging that the general partners were individually liable for the judgment against OTS. Plaintiff's counsel filed a motion for summary judgment seeking to hold all nine partners liable under the prior judgment against OTS. In March of 1983, Judge Timothy R. Hanson denied the motion, holding that material issues of fact remained to be resolved. Shortly thereafter, the matter was assigned to Judge Peter F. Leary for pretrial and trial. In August of 1983, plaintiff again filed a motion, this time seeking summary judgment against five of the individual partners of OTS under the earlier judgment against the partnership. Judge Leary granted it. These five defendants, Brimhall, Berney, Gildea, Berney, and Welker, contend before this Court that in granting summary judgment against them, the trial judge erred because he overruled a decision by a co-equal. We agree and reverse.

■ One branch of what is generally termed the doctrine of "law of the case" has evolved to avoid the delays and difficulties that arise when one judge is presented with an issue identical to one which has already been passed upon by a coordinate judge in the same case. *Richardson v. Grand Central Corp.*, Utah, 572 P.2d 395, 397 (1977); *see* 5 Am.Jur.2d *Appeal and Error* § 744 (1962). "[O]rdinarily one judge of the same court cannot properly overrule the decision of another judge of that court." *Richardson v. Grand Central Corp.*, 572 P.2d at 397. There are several exceptions to this rule. However, only one could possibly be applicable here: The second judge may reverse the first judge's ruling if the issues decided by the first judge are presented to the second judge in a "different light," as where a summary judgment initially denied is sub-

sequently granted after additional evidence is adduced. *Richardson v. Grand Central Corp.*, 572 P.2d at 397; *Hammer v. Gibbons and Reed Co.*, 29 Utah 2d 415, 510 P.2d 1104 (1973); *see Board of Education of Granite School District v. Salt Lake County*, Utah, 659 P.2d 1030, 1033 (1983). The issue here is whether the motion before Judge Leary presented the questions involved in the summary judgment motion in a "different light." Examination of the record shows that it did not.

■ No discovery took place between the two hearings on the summary judgment motions. No additional evidence was introduced. All material facts remained the same.[1] Indeed, a comparison of the moving papers filed in support of the original motion and the renewed motion discloses that the only difference between the two was the citation of additional authorities. In *Board of Education v. Salt Lake County*, 659 P.2d at 1033, the Court indicated that mere citation of additional authority is insufficient to warrant one judge's reversal of a coordinate judge's ruling, at least where the cited authority does not modify the fundamental theory of the motion. Plaintiff's additional citations did not satisfy this test. Therefore, Judge Leary's grant of summary judgment was error. We reverse and remand the case for trial without reaching any other issues raised on appeal.

HALL, C.J., and HOWE, STEWART and DURHAM, JJ., concur.

---

1. Plaintiff argues that there were fewer defendants involved in the second motion. The record reveals that plaintiff's attorney stipulated to Judge Leary's entering judgment against fewer than all defendants at the hearing on the second motion because the remaining defendants had not been served. Judge Hanson gave no indication that his denial of the motion was based on the presence (or absence) of parties. To the contrary, he stated that the motion was denied because issues of fact remained to be determined.