**STATE of Utah, Plaintiff and Appellant,**

v.

**Todd L. WILLARD, Defendant and Appellee.**

**No. 890693–CA.**

Court of Appeals of Utah.

Nov. 14, 1990.

Robert Van Sciver, Salt Lake City, for defendant and appellee.

Before BENCH, GARFF and JACKSON, JJ.

## OPINION

JACKSON, Judge:

The State appeals from a November 1, 1989, order of "dismissal with prejudice" entered at the close of appellee Todd Willard's bench trial for possession of a controlled substance with intent to distribute. Because we conclude that the trial court's action constituted an acquittal, which is not appealable by the State, we dismiss the appeal.

Deputies from the Sevier County Sheriff's Office set up a roadblock on March 10, 1988, to check drivers' licenses and vehicle registrations. They stopped Willard, who provided them with a valid license and registration, and they eventually searched his vehicle and discovered a controlled substance. Willard was charged with two counts of violating Utah Code Ann. § 58–37–8(1)(a)(iv) (Supp.1989). In accordance with Utah R.Crim.P. 12(b)(2), Willard filed a pretrial motion to suppress the seized contraband, which was denied by the trial court in January 1989. The case then proceeded to a bench trial in May 1989.

R. Paul Van Dam, Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

After all the evidence was in and both sides presented closing arguments, Willard renewed his motion to suppress.[1] The

---

1. The State did not object to the renewal of the suppression motion or to the trial court's reconsideration of it at the end of trial. Utah courts have not squarely addressed the issue of the circumstances under which a trial judge may, at trial, reconsider and reverse a pretrial denial of a suppression motion. *But see State v. Lesley,* 672 P.2d 79 (Utah 1983) (in order to preserve for appeal a suppression issue, defendant must renew objection to admissibility of evidence at trial where pretrial motion to suppress was denied by different judge).

Generally, a pretrial ruling on a suppression motion becomes the law of the case to be adhered to by the trial judge. *United States v. Montos,* 421 F.2d 215, 220 (5th Cir.), *cert. denied,* 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970); *see State v. Pope,* 192 Neb. 755, 224

N.W.2d 521 (1974); *cf. Lesley,* 672 P.2d at 83 (Howe, J., concurring in result) (suggesting that all pretrial suppression rulings should be binding at trial). However, to view the pretrial ruling as binding on the trial court in *all* circumstances "would be to proscribe correction of its own error by the trial court at trial or even on motion for a new trial." *State v. Jackson,* 213 Kan. 219, 515 P.2d 1108, 1114 (1973). *See also Lesley,* 672 P.2d at 82 (renewal of suppression motion at trial affords trial judge opportunity to avoid error).

Interpreting a statute as allowing an exception to the general rule disfavoring reconsideration, the Kansas Supreme Court held that the trial court has discretion to reconsider at trial a previously denied suppression motion if "new or additional evidence is produced bearing on the issue or substantially affecting the credibili-

court granted the motion, ruling that (1) the continued detention of Willard, after the purpose for the roadblock had been accomplished, was unreasonable and unconstitutional; and (2) Willard's consent in fact to the search of the vehicle was therefore irrelevant to the suppression issue. Counsel for the State prepared an order granting the motion to suppress, which was signed on September 19, 1989. Twenty-three days later, the State filed a "Motion for Clarification" of the September order, ostensibly to determine if the court had intended it as an interlocutory order or as a "final order of dismissal," which the prosecutor claimed would be directly appealable under Utah R.Crim.P. 26(3)(a) and Utah Code Ann. § 77-35-26(3)(a) (Supp.1989) (repealed by Utah Laws 1989, ch. 187, § 15, effective July 1, 1990; now see Utah Code Ann. § 77-18a-1(2) (Supp.1990)). In response to the clarification request, the court entered an order on November 1, 1989, dismissing the case with prejudice. The State then filed this direct appeal.

In its appeal, the State does not claim error in the dismissal itself. Instead, it seeks review of the September 1989 suppression order, asserting that the fourth amendment analysis underlying the court's grant of the motion to suppress at trial is erroneous. Relying on *State v. Arroyo*, 796 P.2d 684 (Utah 1990), and *State v. Robinson*, 797 P.2d 431 (Utah Ct.App. 1990), decisions clarifying that a defendant can give a valid, voluntary consent to search even after unconstitutional police conduct, the State requests that we remand this case to the trial court for further factual findings on the voluntariness of Willard's consent to the search of his vehicle.

■ The circumstances under which the State may appeal adverse rulings in the trial court in criminal cases are limited by constitutional and statutory provisions. *State v. Waddoups*, 712 P.2d 223, 224 (Utah 1985). Although section 77-35-26(3)(a), now repealed, and Utah R.Crim.P. 26(3)(a) authorize the State to appeal directly from a "final judgment of dismissal," neither authorizes the State to appeal a ruling by the trial court that is, in substance, an acquittal. A defendant once acquitted may not again be subjected to trial without violating the double jeopardy clause. *United States v. Scott*, 437 U.S. 82, 96-97, 98 S.Ct. 2187, 2196-2197, 57 L.Ed.2d 65 (1978); *see also Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S.Ct. 2211, 2217-2218, 72 L.Ed.2d 652 (1982). This is so even though the acquittal resulted from an incorrect application of the law or an improper determination of the facts. *State v. Musselman*, 667 P.2d 1061, 1065 (Utah 1983). Furthermore, the label attached to a ruling by a trial judge is not determinative of whether the termination of a criminal prosecution is an unappealable acquittal. *Scott*, 437 U.S. at 96-97, 98 S.Ct. at 2196-2197; *Musselman*, 667 P.2d at 1064. A ruling that constitutes a factual resolution in favor of the defendant on one or more of the elements of the offense charged is an acquittal. *Scott*, 437 U.S. at 97, 98 S.Ct. at 2197; *Musselman*, 667 P.2d at 1064.

■ In the instant case, the trial court found that the evidence suppressed by its September suppression order was "essential to the presentation of Plaintiff's case" and dismissed the case with prejudice. The order appealed from was clearly based on the trial court's assessment of the sufficiency of the evidence ruled admissible at trial. The trial judge, as factfinder, evaluated the State's evidence and, in effect,

ty of the evidence adduced at the pretrial hearing of the motion." *Jackson*, 515 P.2d at 1114. *See People v. Lewis*, 659 P.2d 676 (Colo.1983) (trial court had discretion to reconsider suppression motion where there were substantial changes in relevant law subsequent to pretrial denial of motion); *State v. Senecal*, 145 Vt. 554, 497 A.2d 349 (1985) (pretrial suppression ruling not binding on trial judge where new evidence presented at trial); *People v. Coleman*, 100 Ill. App.3d 306, 55 Ill.Dec. 799, 426 N.E.2d 1124 (1981) (defendant failed to show necessary extraordinary circumstances or new evidence justifying relitigation of suppression motion at trial where only new evidence was his own testimony, which was not unavailable at pretrial suppression hearing); *see generally* 4 W. LaFave, *Search and Seizure* § 11.2(f) (1987).

determined that it was legally insufficient to sustain a conviction. Without the admission of the controlled substance seized in the search of Willard's truck, there could be no conviction of the crime charged, possession of a controlled substance with intent to distribute. Thus, although labeled a dismissal, the order appealed from here is an acquittal and not a "dismissal" as that term is used in former section 77–35–26(3)(a) and Utah R.Crim.P. 26(3)(a).

The appeal is therefore dismissed.

BENCH and GARFF, JJ., concur.