STATE of Utah, Plaintiff and Appellee,

v.

Alfred Lee O'NEIL, Defendant and Appellant.

No. 920439–CA.

Court of Appeals of Utah.

Feb. 12, 1993.

---

William L. Schultz (argued), Moab, for defendant and appellant.

Jan Graham and J. Kevin Murphy (argued), Salt Lake City, for plaintiff and appellee.

Before BILLINGS, P.J., and GREENWOOD and RUSSON, JJ.

BILLINGS, Presiding Judge:

Defendant Alfred Lee O'Neil appeals from three convictions of unlawful distribution of a controlled substance, first degree felonies in violation of Utah Code Ann. § 58–37–8(1)(a), (b) (Supp.1992). Defendant asserts the trial court erred in admitting evidence of his prior conviction. We affirm.

## FACTS

Defendant and his wife were charged with three counts of unlawful distribution of methamphetamine. A confidential informant working for the State purchased methamphetamine from defendant's wife on December 6, 10, and 12, 1990. The State alleged defendant knew of the drug sales because he drove his wife to the bar where the transactions occurred. Further, defendant was present in the bar during two of the transactions. Defendant's criminal liability was based on an accomplice theory under Utah Code Ann. § 76–2–202 (1990).

Judge Halliday presided over a joint trial of defendant and his wife. On the first day of trial, counsel for the couple filed a motion and supporting memoranda asking that the State be prevented from introducing evidence about the prior convictions, crimes, wrongs or acts of defendant or his wife. The disputed evidence involved defendant's 1987 conviction for distribution of cocaine. He had received a 1 to 15 year sentence and was paroled in September of 1990. In conjunction with the 1987 incident, his wife pled guilty to a charge of attempted distribution. She had been placed on probation. The State did not file a response to defendant's motion. The judge granted the motion. The jury convicted defendant's wife but could not reach a decision on defendant. Judge Halliday declared a mistrial as to defendant.

Judge Bunnell presided over a subsequent hearing to determine whether to schedule a second trial or dismiss the charges against defendant. At the hearing, the State asked for a ruling on a motion to allow evidence of defendant's prior conviction. After reviewing memoranda in support and opposition, Judge Bunnell granted the motion. At the ensuing trial defendant was convicted.

On appeal, defendant claims the doctrine of "law of the case" precluded Judge Bunnell from reconsidering Judge Halliday's ruling on the admissibility of defendant's prior conviction. Defendant also claims the admission of the prior conviction evidence was reversible error.[1]

## I. LAW OF THE CASE

Defendant argues that Judge Halliday's ruling, which denied the admissibility of his

---

1. Defendant also asserts that the change in judges was somehow improper. This argument is without merit. The Utah Code of Judicial Administration Rule 3–104(3)(E)(ii) gives the presiding judge the authority to manage the court's docket. *See* Utah C.Jud.Admin. 3–104(3)(E)(ii). Defendant has no right to a particular judge. He only has the right to an impartial judge. Rule 29(c) of the Utah Rules of Criminal Procedure provides the method for a defendant to challenge the impartiality of a judge. That rule requires defendant file an affidavit alleging bias or prejudice. *See* Utah R.Crim.P. 29(c). There is no allegation or evidence that Judge Bunnell was anything but completely impartial.

prior conviction, was the "law of the case" and, therefore, Judge Bunnell was precluded from allowing the evidence at his second trial. The State responds that the law of the case doctrine is not applicable.

■ Law of the case is a legal doctrine courts apply when refusing to readdress an issue previously decided in the same case. *See Plumb v. State,* 809 P.2d 734, 740 (Utah 1990); *In re Estate of Mecham,* 537 P.2d 312, 314 & n. 2 (Utah 1975). We review application of the doctrine under a correction of error standard. *See State v. Lamper,* 779 P.2d 1125, 1129 (Utah 1989); *Richardson v. Grand Central Corp.,* 572 P.2d 395, 397 (Utah 1977); *see also People v. Roybal,* 672 P.2d 1003, 1006 (Colo.1983). The policy behind the doctrine is that "in the interest of economy of time and efficiency of procedure, it is desirable to avoid the delays and the difficulties involved in repetitious contentions and rulings upon the same proposition in the same case." *Richardson,* 572 P.2d at 397. Law of the case applies only to final determinations and "does not prevent a judge from reconsidering his or her previous nonfinal order." *Plumb,* 809 P.2d at 739–40.

■ The doctrine of law of the case has two branches. The first branch requires an issue decided by an appellate court " 'be followed in all subsequent proceedings in the same case … unless … the decision was clearly erroneous and would work a manifest injustice.' " *Conder v. A.L. Williams & Assocs.,* 739 P.2d 634, 636 (Utah App.1987) (quoting *Daly v.*

*Sprague,* 742 F.2d 896, 900 (5th Cir.1984)). "This serves the dual purpose of protecting against the reargument of settled issues and assuring the adherence of lower courts to the decision of higher courts." *Roybal,* 672 P.2d at 1005. The second branch advises that "a court should not reconsider and overrule a decision made by a co-equal court." *Conder,* 739 P.2d at 636. *See also People ex rel. Gallagher v. District Court,* 666 P.2d 550, 553 n. 8 (Colo.1983) (describing law of the case as discretionary when applied to court's own ruling). The second branch neither mandates blind adherence to earlier rulings nor does it "rise to the dignity of res judicata or stare decisis." *Richardson,* 572 P.2d at 397. In short, a trial court has significantly more discretion to reconsider an issue decided by a co-equal court.[2]

■ Utah courts have not considered the impact of a mistrial on the doctrine of law of the case. Other jurisdictions, faced with conflicting evidentiary rulings in sequential trials have concluded that the doctrine of law of the case is inapplicable.

In *State v. Commeau,* 438 A.2d 454 (Me. 1981), the Maine Supreme Court held, for the purposes of the law of the case, a second trial after a mistrial is not the same case. The defendant argued that his prior convictions should have been excluded because "they were not admitted at his first trial and therefore the doctrine of the law of the case dictates that they be excluded at the second trial." *Id.* at 460. The Maine Supreme Court disagreed.

---

**2.** There are a number of situations in which it is proper for a court to exercise its discretion and review an issue previously decided by a co-equal court. Reconsideration is appropriate when the matter is presented in a "different light" or under "different circumstances." *See Sittner v. Big Horn Tar Sands & Oil, Inc.,* 692 P.2d 735, 736 (Utah 1984); *Richardson,* 572 P.2d at 397. A change in the governing law also authorizes reconsideration. *State v. Lamper,* 779 P.2d 1125, 1129 (Utah 1989); *State v. Willard,* 801 P.2d 189, 190–91 n. 1 (Utah App.1990) (citing *State v. Jackson,* 213 Kan. 219, 515 P.2d 1108, 1114 (1973)). Likewise, the presentation of new evidence permits modification of an earlier ruling. *Willard,* 801 P.2d at 190–91 n. 1 (citing *State v. Senecal,* 145 Vt. 554, 497 A.2d 349 (1985)). In addition, a trial court may reverse a

previous ruling to avoid manifest injustice. *Roybal,* 672 P.2d at 1005 n. 5. Also, a trial court may correct its own errors. *Willard,* 801 P.2d at 190–91 n. 1. Further, the opportunity to address an issue inadequately briefed when initially considered also constitutes a change in circumstances. *State v. Moore,* 147 N.J.Super. 47, 370 A.2d 531, 534 (1977).

Because we affirm on different grounds, we need not decide whether the facts of this case fit one of these situations. We note, however, because defendant's wife was no longer involved at the second trial, any prejudice to her was no longer an issue concerning the admission of defendant's prior bad acts. Further, admission of defendant's prior bad acts was not fully addressed in the first trial.

[T]he law of the case doctrine does not apply when a mistrial has been declared in a proceeding in which a determination was made on the admissibility of prior convictions.... [T]he declaration of a mistrial renders the trial itself a nullity and returns both parties to their original positions, as if there had been no trial.

*Id.*

A New Jersey appeals court reached the same conclusion in *State v. Hale*, 127 N.J.Super. 407, 317 A.2d 731 (1974) (per curiam). In *Hale*, the defendant appealed after a mistrial because the second trial court admitted a confession which the first trial court had ruled inadmissible. *Id.* 317 A.2d at 732. The appeals court upheld the second court's admission of the evidence. It held the decision excluding the confession during the first trial

> was not the "law of the case" binding on the court when the same issue was raised at the second trial. The declaration of mistrial rendered nugatory all of the proceedings during the first trial. The State and defendant were returned to their original positions as if there had not been a trial. Each was entitled to offer evidence and to make motions and objections without limitation to that which had been offered or made at the first trial, and without being bound by the prior rulings of the court with respect thereto. If the result were otherwise, the evidentiary problems on a retrial would be insurmountable and the ad-

ministration of justice rendered completely unworkable.

*Id.* at 734.

We agree a second trial after a mistrial is not the same case for purposes of the law of the case. Accordingly, defendant's reliance on the law of the case doctrine to prevent the admission of his prior conviction at the second trial is misplaced.

## II. ADMISSION OF THE PRIOR CONVICTION

■ Defendant also contends that the trial court erred as a matter of law when it allowed evidence of his prior conviction at his second trial. The State responds the evidence was properly admitted to show knowledge on the part of defendant. Prior to the second trial, Judge Bunnell ruled evidence of defendant's and his wife's prior convictions admissible.[3] During trial, the judge considered and also allowed, under Rule 404(b) and Rule 403, testimony which showed that in February of 1992, defendant had attempted to collect a drug debt owed to his wife by the State's confidential informant.[4]

■ Defendant argues that evidence of his prior conviction was inadmissible under Rule 404(b) and Rule 403 of the Utah Rules of Evidence. Because the admission of evidence under Rule 404(b) is a question "of law, it is reviewed for correctness. However, the trial court's subsidiary factual determinations should be given deference by the appellate court and only be

---

**3.** Although far from clear, defendant apparently attempts to challenge the admission of his wife's conviction under Rule 404(b). We note that admission of her conviction standing alone would not be an issue governed by Rule 404(b). It would instead be considered under Rule 402 and Rule 403. To the extent their convictions are intertwined and her conviction is utilized as evidence of defendant's other bad acts, the analysis for admission of her conviction under Rule 404(b) is substantially indistinguishable from that used for his conviction. Thus, we consider only the admission of defendant's conviction.

**4.** The defendant's only references to this "dunning" incident are a mention of the evidence coming in at trial and a discussion of the harmful effect of bad act evidence generally. He does not argue the admission of this later incident was improper under any rule. Thus, we

do not consider it separately on appeal. We note, however, a number of courts have discussed the issue of subsequent act evidence finding it admissible under Rule 404(b). *See, e.g., State v. Bibo–Rodriguez,* 922 F.2d 1398, 1400 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991) (allowing evidence of later drug smuggling), *U.S. v. Garcia–Rosa,* 876 F.2d 209, 221 (1st Cir.1989) (refusing to hold all subsequent act evidence inadmissible under rule 404(b); *U.S. v. Masse,* 816 F.2d 805, 813 (1st Cir.1987) (holding subsequent act of possession gave rise to permissible inferences to prove opportunity and motive); *State v. May,* 137 Ariz. 183, 669 P.2d 616, 621 (App.1983) (allowing subsequent act evidence without discussion); *People v. Esquibal,* 43 Colo.App. 191, 599 P.2d 981, 982 (1979) (same).

overruled when they are clearly erroneous." *State v. Taylor*, 818 P.2d 561, 568 (Utah App.1991) (citation omitted); *see also State v. Thurman*, 846 P.2d 1256, 1270 n. 11 (Utah1993) (recognizing bifurcated standard when appeals court reviews underlying factual findings). When reviewing a trial court's balancing of the probativeness of a piece of evidence against its potential for unfair prejudice under Rule 403, we reverse only if the court's decision as a matter of law "was beyond the limits of reasonability." *State v. Hamilton*, 827 P.2d 232, 240 (Utah 1992).[5] Improperly admitted evidence requires reversal of a conviction only where we conclude there is a " 'reasonable likelihood that the error affected the outcome of the proceedings.' " *Hamilton*, 827 P.2d at 240 (quoting *State v. Verde*, 770 P.2d 116, 120 (Utah 1989)).

 Thus, the procedure this court follows when reviewing the admission of prior bad act evidence is straight-forward.

First, the evidence must, as a matter of law, be admissible under Rule 404(b). Second, we determine, as a matter of law, whether the trial court acted reasonably in striking the probative value versus prejudicial effect balance required by Rule 403. If both those standards are met we will affirm. If we determine either of the first two standards is not met, we must then determine whether the admission of the evidence amounted to prejudicial error.

### A. Rule 404(b)

We first examine whether the evidence of defendant's prior conviction was admissible under Rule 404(b). Rule 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportu-

---

5. The standard of review under Rule 403, as articulated by the Utah Supreme Court, has seen an evolution over the past few years. Although recently clarified by the supreme court in *State v. Thurman*, the following discussion is perhaps helpful in understanding the standard of review.

In *State v. Johnson*, 784 P.2d 1135 (Utah 1987), the supreme court indicated that Rule 403 admissions were reviewed for "clear error." *Id.* at 1142. In *State v. Ramirez*, 817 P.2d 774 (Utah 1991), the court, discussing the appropriate standard of review to be applied in a number of cases, stated "a closer inspection of those cases indicates that the 'abuse of discretion' terminology is used inappropriately." *Id.* at 781 n. 3. In explaining this statement the court analyzed the standard of review for a trial court's decision under Rule 403. "If we conclude that the trial court erred, we may characterize that ruling as 'an abuse of discretion,' but in reality, we have found that the court committed legal error and that the prejudicial potential of the evidence outweighs its probativeness." *Id.* Thus, *Ramirez* seemingly indicated that a "correction of error" standard was appropriate.

The court clarified the standard, however, in *State v. Hamilton*, 827 P.2d 232 (Utah 1992), when it held that

"[i]n reviewing a trial court's ruling on the admissibility of evidence, under rule 403, we will not overturn the court's determination unless it was an "abuse of discretion." *See [State v.] Verde*, 770 P.2d [116,] 120 [ (Utah 1989) ]. To state the matter more precisely, we review the trial court's 403 ruling admit-

ting or denying admission to evidence by deciding whether, as a matter of law, the trial court's decision that 'the unfairly prejudicial potential of the evidence outweighs [or does not outweigh] its probativeness' was beyond the limits of reasonability."

*Id.* at 239–40 (quoting *Ramirez*, 817 P.2d at 784 n. 3) (last brackets in original). Thus, *Hamilton* indicates abuse of discretion is the appropriate standard.

The supreme court recently reaffirmed the *Hamilton* definition of "abuse of discretion." In a case analyzing the standard of review for Rule 11 sanctions, *Barnard v. Sutliff*, 846 P.2d 1229 (Utah 1992), the court referred to its ruling in *Hamilton*. Rejecting an abuse of discretion standard for factual findings, the court noted, abuse of discretion means "that a ruling [is] beyond the 'limits of reasonability.' " *Id.* at 1234 (quoting *Hamilton*, 827 P.2d at 240). The court noted that a review for reasonability "makes sense" in a Rule 403 "balancing context." *Id.*

Thus, instead of rejecting abuse of discretion as the appropriate standard of review for the admission of evidence under Rule 403 as the court appeared to do in *Ramirez*, the court has simply defined the term to mean a review of the reasonableness of the trial court. A trial court that acts unreasonably has committed a legal error. Therefore, when reviewing a trial court's decision to admit evidence under Rule 403, we assess whether, as a matter of law, the trial court acted reasonably in striking the balance. *See State v. Thurman*, 846 P.2d 1256, 1270 n. 11 (Utah 1993).

nity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Utah R.Evid. 404(b).

In *State v. Taylor*, 818 P.2d 561 (Utah App.1991), we reviewed Rule 404(b). In *Taylor*, defendant contended the trial court improperly allowed evidence of a prior arrest and conviction. Defendant had been arrested and pled guilty to distribution of marijuana. After further investigation by the police, defendant was again arrested, this time for possession and possession with intent to distribute. The trial court denied defendant's motion to exclude evidence of the prior conviction, and evidence that the marijuana was packaged in similar ways on both occasions. In affirming, we recognized that both the Utah Supreme Court and federal courts interpret Rule 404(b) as an "inclusionary" rule. *Id.* at 568. " 'Rule 404(b) does not exclude evidence unless it fits an exception; rather, it allows admission of relevant evidence "other than to show merely the general disposition of the defendant." ' " *Id.* at 568–69 (quoting *State v. Jamison*, 767 P.2d 134, 137 (Utah App.1987) (quoting *State v. Tanner*, 675 P.2d 539, 546 (Utah 1983))). When evidence establishes elements of the crime of which the defendant is accused " 'it is admissible even though it tends to prove that the defendant has committed other crimes.' " *Id.* at 569 (quoting *Jamison*, 767 P.2d at 137).

Utah appellate courts have often admitted evidence of other crimes, wrongs or acts pursuant to Rule 404(b). *See, e.g., State v. Shickles*, 760 P.2d 291, 296 (Utah 1988) (admitting evidence of sexual assault to show intent and mental state on kidnapping charge); *State v. Johnson*, 748 P.2d 1069, 1075 (Utah 1987) (admitting evidence of prior forgery conviction to show identity); *Taylor*, 818 P.2d at 572 (admitting evidence of prior drug conviction to show possession and common plan of distribution); *State v. Morrell* 803 P.2d 292, 296 (Utah App.1990) (admitting evidence of pri-

or robbery to show intent for later robbery).

A recent federal case, *United States v. Martino*, 759 F.2d 998 (2nd Cir.1985), is instructive.[6] In *Martino*, the defendant was arrested at the site of an illegal drug sale. He claimed that although he knew another participant, it was a coincidence he was at the site of the transaction. In effect, he asserted a "mere presence" defense in an attempt to raise doubts about the elements of knowledge and intent required for conviction. The trial court allowed into evidence a juvenile drug conviction from eleven years earlier as "similar act evidence bearing on the issues of [defendant's] knowledge and intent." *Id.* at 1002. Affirming the trial court's ruling, the Second Circuit held the defendant "by his defense, placed in issue the question of knowledge and intent as to his association" with the other drug sale participants. *Id.* at 1005. "Thus, the government in an effort to meet its burden of proof was certainly entitled to offer this prior similar act evidence to aid the jury in assessing [defendant's] intentions." *Id. See also State v. Morrell*, 803 P.2d 292 (Utah App.1990) (finding evidence of prior robbery admissible to infer intent).

■ Thus, Rule 404 allows prior bad act evidence in a criminal trial where it is offered to show any element of the alleged crime. Prior bad act evidence is only excluded where the *sole* reason it is being offered is to prove bad character or to show that a person acted in conformity with that character.

■ Essential elements of the distribution offense are that defendant acted with knowledge and intent. *See* Utah Code Ann. § 58–37–8(1)(a) (Supp.1992). The trial court specifically found that the defendant's prior convictions and "their surrounding circumstances are probative of the knowledge, intent, plan and scheme" regarding the charges. We agree. Defen-

---

6. Utah courts look "to the interpretations of the federal rules [of evidence] by the federal courts to aid in interpreting the Utah rules." *State v. Banner*, 717 P.2d 1325, 1333–34 (Utah 1986).

*See also State v. Duncan*, 812 P.2d 60 (Utah App.1991) (recognizing federal interpretations as instructive).

dant claims that although he was present he "knew nothing." This places his knowledge and intent in issue. Thus, like the prosecution in *Martino,* the State was entitled to offer this prior conviction evidence as probative of defendant's knowledge and intent in this drug transaction. Therefore, the trial court did not err in admitting evidence of defendant's prior conviction under Rule 404(b).

### B. Rule 403

■ Even though the evidence regarding defendant's prior conviction is admissible under Rule 404(b), it must also meet the requirements of Rule 403. *See State v. Shickles,* 760 P.2d 291, 295–96 (Utah 1988). Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Utah R.Evid. 403.

Utah appellate courts have outlined several factors to be considered when a court balances the probativeness of evidence against its prejudicial effect. These factors include

"the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility."

*Shickles,* 760 P.2d at 296 (quoting E. Cleary, McCormick on Evidence, § 190, at 565 (3d ed. 1984)). "[S]tanding alone, the fact that the evidence may be prejudicial to defendant does not necessarily render the evidence incompetent." *State v. Taylor,* 818 P.2d 561, 571 (Utah App.1991). "If evidence is prejudicial but is at least equally probative of a critical fact, it is properly admissible." *Id.*

Applying the *Shickles* analysis here, we conclude the trial court acted well within the limits of reasonability in allowing the evidence of defendant's earlier conviction. A documented conviction is the strongest possible evidence of a prior crime. The earlier crime was also for distribution of a small amount of a controlled substance, thus the crimes are similar. The three years between the earlier conviction and the events leading to the defendant's arrest is a short period of time, especially considering defendant spent a significant portion of that time incarcerated. Although the State had other evidence of knowledge and intent from witnesses, that evidence was clearly not effective based on the first trial. Furthermore, the evidence is not barred simply because the State had some other evidence of intent. *See Shickles,* 760 P.2d at 296. Finally, we do not believe the jury was roused to "overmastering hostility" based on a simple drug distribution charge.

The trial court considered the evidence and reasonably concluded the probative value of the convictions was not outweighed by the danger of unfair prejudice. Thus, the trial court appropriately admitted the evidence pursuant to Rule 403.[7]

### CONCLUSION

Because evidentiary rulings made prior to a mistrial are not the law of the case in a re-trial, defendant has no claim of error based on the admission of his prior conviction at his second trial following its exclusion at his first trial. Additionally, the evidence of defendant's prior conviction was properly admitted at his second trial under Rule 404(b) and Rule 403. Thus, we affirm defendant's convictions.

GREENWOOD and RUSSON, JJ., concur.

---

**7.** Defendant attempts to make some arguments based on Rule 609. That rule addresses the propriety of admitting prior bad act evidence for impeachment purposes. *See* Utah R.Evid.

609. The trial judge admitted the evidence under Rule 404(b) and Rule 403 and we affirm. Hence, we do not consider whether the evidence was admissible under Rule 609.