# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2714-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

R.M.,

    Defendant-Appellant.

_____

Argued November 8, 2017 — Decided November 27, 2017

Before Judges Fasciale and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 14-01-0119.

Fletcher C. Duddy, Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Mr. Duddy, of counsel and on the brief).

Roberta DiBiase, Supervising Assistant Prosecutor, argued the cause for respondent (Joseph D. Coronato, Ocean County Prosecutor, attorney; Samuel Marzarella, Chief Appellate Attorney, of counsel; Ms. DiBiase, on the brief).

PER CURIAM

Defendant appeals from her conviction for fourth-degree failure to register under Megan's Law, N.J.S.A. 2C:7-2(d). Defendant substantially makes the same arguments we previously rejected in a prior appeal from an order denying her motion to dismiss the indictment. We now affirm primarily for the reasons we previously expressed.

On appeal, defendant raises the following points:

[POINT] I
THE COURT SHOULD EXERCISE ITS DISCRETION AND DECLINE TO APPLY THE LAW-OF-THE-CASE DOCTRINE TO THIS APPEAL.

[POINT] II
THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT MUST REGISTER AS A SEX OFFENDER IN NEW JERSEY FOR AN OFFENSE SHE COMMITTED IN TEXAS THAT DID NOT REQUIRE SEX-OFFENDER REGISTRATION IN TEXAS. DEFENDANT'S INDICTMENT FOR FAILURE TO REGISTER SHOULD HAVE THEREFORE BEEN DISMISSED.

A. Defendant's offense in Texas is dissimilar to any enumerated offense in N.J.S.A. 2C:7-2(b) that would require sex-offender registration in New Jersey.

B. The trial court violated [d]efendant's right to equal protection and due process when it considered hearsay evidence related to her conviction in Texas to determine whether she must register as a sex offender in New Jersey.

[POINT] III
BASED ON DUE PROCESS, FUNDAMENTAL FAIRNESS, THE SIXTH AMENDMENT AND EQUAL PROTECTION, THIS COURT SHOULD REQUIRE A HEARING FOR OUT-OF-STATE DEFENDANTS TO DETERMINE WHETHER THEY

2

WERE CONVICTED OF A "SIMILAR" OFFENSE REQUIRING SEX-OFFENDER REGISTRATION IN NEW JERSEY BEFORE THEY CAN BE CHARGED WITH FAILURE TO REGISTER.

We conclude defendant's arguments are "without sufficient merit to warrant discussion in a written opinion." R. 2:11-3(e)(2). We add the following remarks.

In August 2014, the court denied defendant's motion to dismiss the indictment. We granted leave to appeal from that order, and in that interlocutory appeal, defendant raised the following points:

[POINT I]
Legal Analysis & Argument Concerning Due Process.

a. Background

b. The Constitutional Interests Implicated [B]y Megan's Law.

c. The [R.B.] Decision [A]nd Its Limitations.

d. Due Process Requires [A] Hearing With A High Burden [O]f Proof And Evidence.

i. Significant Due Process Is Required If One Considers The Private Interests Implicated.

ii. The Economic Costs Of Increasing The Process Due Is Nominal Both In Practice And In Comparison To The Private Interests At Stake.

e. The Process Due In This Circumstance Requires Proof Beyond A Reasonable Doubt And Use [O]f [T]he Rules [O]f Evidence.

[POINT II]
Legal Analysis and Argument Concerning Offense Comparison[.]

a. The Prosecution[']s Assertions [O]f Equivalence Between This State[']s Predicate Megan's Law Crimes And The Foreign Judgment [O]f Conviction Cannot Be Supported.

b. The Statute Prohibits The Display, Possession, [O]r Distribution [O]f Harmful Material [T]o Minors [O]r With The Use [Of] Minors.

c. The State Improperly Asserts That [Defendant] Has Violated The Equivalent [O]f [N.J.S.A.] 2C:24-4(b)(3) [O]r (4) Endangering The Welfare [O]f A Child.

d. The New Jersey Analogue To The Texas Crime Is [N.J.S.A.] 2C:34-3 Obscenity [F]or [P]ersons [U]nder [Eighteen].

We affirmed the order denying her motion pursuant to Rule 2:11-3(e)(2). See State v. R.M., No. A-0671-14 (App. Div. July 13, 2015) (slip op. at 3). In rejecting defendant's contentions, we stated:

> As to defendant's due process contention, the New Jersey Supreme Court has determined that Tier One sex offenders do not have a due process right to a hearing regarding their status as a sex offender. Doe v. Por[it]z, 142 N.J. 1, 106 (1995) (holding that only Tier Two and Tier Three classifications implicate such interests triggering a right to due process). As a result, the court did not deprive defendant of her procedural due process rights.
>
> Moreover, pursuant to N.J.S.A. 2C:7-2[(b)](1)-(3), an offender must register due

to a conviction in another jurisdiction so long as the conviction being compared to a Megan's Law offense "contains the same essential elements, and the underlying purposes of the crimes are consonant[.]" In re R.B., 376 N.J. Super. 451, 464 (App. Div.), certif. denied, 185 N.J. 29 (2005), overruled in part by In re T.T., 188 N.J. 321 (2006). Here, the judge thoroughly analyzed the elements of the Texas and New Jersey statutes in question. We agree with the judge that these statutes have the same essential elements and their purpose is to criminalize the same behaviors.

[Id. at 4-5 (third alteration in original).]

Our unpublished decision became law of the case for the trial court. See State v. Hale, 127 N.J. Super. 407, 410-11 (App. Div. 1974) (explaining that "law of the case" doctrine most commonly applies to the binding nature of appellate decisions upon a trial court on remand for further proceedings). On this appeal, we see no reason to disturb our conclusions reached in the interlocutory appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2714-15T2