719 A.2d 166 (1998)
315 N.J. Super. 488
Jacqueline HIGGINS, Plaintiff-Appellant,
v.
Martin SWIECICKI, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1998.
Decided October 22, 1998.
*167 Evan M. Levow for plaintiff-appellant (Lutz & Levow, Cherry Hill, attorneys; Mr. Levow, on the brief).
John Zen Jackson, Princeton, for defendant-respondent (Kalison, McBride & Jackson, attorneys; Mr. Jackson, on the brief).
Before Judges LONG, KESTIN and WEFING.
The opinion of the court was delivered by KESTIN, J.A.D.
Plaintiff in this medical malpractice action appeals from the trial court's order of August 8, 1997, denying a motion for reconsideration of a June 27, 1997 order granting defendant's second motion for summary judgment and dismissing the complaint. An earlier motion by defendant for summary judgment on the same ground had been denied by a different judge.
The medical and surgical treatment which gave rise to plaintiff's claim in this suit eventuated from her involvement in two automobile accidents in August and November 1990. Defendant, a specialist in neurological surgery, first saw plaintiff for an evaluation on June 10, 1992, on a referral from her treating physician. Relying, in part, on a 1991 CT scan which revealed "a central herniation of the L5-S1 disc with impression on the S1 nerve root[,]" defendant diagnosed plaintiff as suffering from "a lumbar disc herniation at L5-S1 with a radiculopathy." On August 21, 1992, defendant performed lumbar disc surgery on plaintiff. Plaintiff alleges that defendant negligently severed her right iliac vein and artery, as well as her ureter, during the surgery.
On July 15, 1992, shortly after her first visit to defendant, plaintiff filed a consolidated lawsuit against those responsible for the injuries she had incurred in the two motor vehicle accidents. Eventually, all the claims in that action were settled and the matter was dismissed on March 24, 1995 by stipulation. Plaintiff's complaint in this professional negligence action was filed on July 27, 1994, while the automobile negligence case was pending.
In the face of a trial listing for August 27, 1996, defendant moved, returnable August 9, 1996, for a summary judgment dismissal on entire controversy grounds, i.e., that plaintiff's medical malpractice claim against defendant should have been joined in the earlier suit with the claims arising directly from the automobile accident. That motion was denied. In so ruling, the motion judge relied upon the Supreme Court's elucidation, in Di-Trolio v. Antiles, 142 N.J. 253, 662 A.2d 494 (1995), of the fairness element of the entire controversy doctrine:
Fairness is ... a protective concept that focuses primarily on whether defendants would be in a better position to defend themselves if the claims against them had been raised and asserted in the first litigation.
[Id. at 273, 662 A.2d 494.]
The motion judge determined that defendant would not have been "in a better position *168 if [plaintiff's] claim [against him] had been raised in the first action." He held, therefore, that plaintiff had not been obliged by reason of the entire controversy doctrine to join her claim against defendant with her claims against the motor vehicle accident defendants.[*]
The matter was not tried on the listed date, and about ten months later defendant moved again for summary judgment dismissal on entire controversy grounds. No new facts bearing upon the case had come to light in the interim; neither had any procedural developments of any consequence occurred; nor had there been any change of law. Defendant used an unreported Appellate Division opinion in a case decided since the denial of the first summary judgment as the premise of his renewed motion. That second motion for summary judgment was granted. Plaintiff had filed no response to the second motion for reasons explained in her motion for reconsideration.
On appeal, as before the trial court, defendant cites our unreported opinion as embodying "reasoning and analysis ... dispositive of the entire controversy doctrine issue in this case and mandat[ing] the dismissal of the complaint[.]" It is axiomatic, however, than an unpublished Appellate Division opinion has no stare decisis effect, see Pressler, Current N.J. Court Rules, comment on R. 1:36-3 (1998), and cannot, therefore, be regarded as signalling the clarification or change of law which qualifies as an exception to the law of the case doctrine. See Lanzet v. Greenberg, 126 N.J. 168, 192, 594 A.2d 1309 (1991); State v. Reldan, 100 N.J. 187, 203, 495 A.2d 76 (1985). The second motion judge correctly noted the absence of doctrinal effect in our unreported opinion, but nevertheless went on to make his variant ruling because he had been persuaded by our reasoning in that opinion.
The law of the case doctrine has been described as "the principle that where there is an unreversed decision of a question of law or fact made during the course of litigation, such decision settles that question for all subsequent stages of the suit." State v. Hale, 127 N.J.Super. 407, 410, 317 A.2d 731 (App.Div.1974) (quoting Wilson v. Ohio River Co., 236 F.Supp. 96, 98 (S.D.W.Va.1964), aff'd, 375 F.2d 775 (4th Cir.1967)). This concept, which "tends to bar a second judge on the same level, in the absence of additional developments or proofs, from differing with an earlier ruling," Hart v. City of Jersey City, 308 N.J.Super. 487, 497, 706 A.2d 256 (App.Div.1998), is a flexible one, calling for "good sense" application. Ibid. For example, it has no barring effect where the judge who is presiding over the trial on the merits has a newly developed basis in fact, law or context upon which to revisit a ruling made in the pre-trial stage. Id. at 498, 706 A.2d 256. The record in this case discloses no warrant for the second motion judge's pre-trial ruling differing with an earlier pre-trial ruling by another judge where no such change had occurred.
It is of no consequence whether our conclusion of law in the unreported opinion, in a case with many factual parallels to this one, was correct when articulated, or whether the second motion judge's reliance on its reasoning could be justified substantively. The requirements of the entire controversy doctrine have been substantially modified by recent rule amendment.
[M]andatory party joinder under the entire controversy doctrine has been eliminated, and preclusion of a successive action against a person not a party to the first action has been abrogated except in special situations involving both inexcusable conduct... and substantial prejudice to the *169 non-party resulting from omission from the first suit.
[Pressler, supra, Comment 1 on R. 4:30A.]
See R. 4:5-1(b); R. 4:28-1; R. 4:29; R. 4:30A. As the Supreme Court determined in Olds v. Donnelly, 150 N.J. 424, 696 A.2d 633 (1997), which, in a legal malpractice action, effected a major change in direction on application of the entire controversy doctrine and foreshadowed the more pervasive modification of the doctrine by amendment of R. 4:5-1(b), R. 4:28-1, R. 4:29, and R. 4:30A, considerations of equity, fairness, and other values governing the administration of justice "point toward limited or `pipeline' retroactivity" of the change in the scope of the entire controversy doctrine's application. Id. at 449-50, 696 A.2d 633. Our primary procedural value favoring merits resolutions of pending claims, see id. at 450, 696 A.2d 633, is well served by treating the recent rule amendments as vitiating the entire controversy issue in this case.
The trial court's denial of plaintiff's motion for reconsideration is reversed. The order granting defendant's motion for summary judgment and dismissing the complaint is vacated. The matter is remanded for further proceedings.
NOTES
[*] No rule extant at the time precluded defendant from seeking to consolidate this matter with the prior proceeding during the eight month period in which the two cases were both pending, so as to minimize or preclude any unfairness he perceived he might experience from being the sole defendant in the second suit. Defendant has conceded he was aware of the pendency of the first action. Cf. R. 4:29-1(a), as amended effective September 1, 1998. See also Pressler, Current N.J. Court Rules, comments on R. 4:5-1 (comment 3), R. 4:28-1, R. 4:29, and R. 4:30A (1998). The responsibilities of a defendant in a pending second suit may be different from those of a party against whom no claim has been made. See Baureis v. Summit Trust Co., 280 N.J.Super. 154, 163-64, 654 A.2d 1017 (App.Div.), certif. denied, 141 N.J. 99, 660 A.2d 1197 (1995).