719 A.2d 201 (1998)
315 N.J. Super. 557
Anthony D. MITCHELL, Plaintiff-Appellant,
v.
CHARLES P. PROCINI, D.D.S., P.A., Charles P. Procini, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 1998.
Decided November 5, 1998.
*202 Mark J. Molz, Hainesport, for plaintiff-appellant (Stephen Cristal, on the brief).
David M. Mayfield, Westmont, for defendants-respondents (Crawshaw, Mayfield, Turner, O'Mara, Donnelly & McBride, Cherry Hill, attorneys; Sharon M. Dostmann, on the brief).
Before Judges KING, NEWMAN and FALL.
The opinion of the court was delivered by KING, P.J.A.D.

I
This case involves the application of newly-amended R. 4:5-1(b)(2) requiring "Notice of Other Actions and Potentially Liable Persons" as it interacts with newly-amended R. 4:30A, the topical entire controversy doctrine rule. Both amendments were effective on September 1, 1998. The Law Division judge decided this case on August 8, 1997.

II
On April 21, 1994 plaintiff, Anthony D. Mitchell, filed an amended complaint against Tony Palma a/k/a Tony Di Palma, trading as Planet Cherry Hill, Patricia Palma a/k/a Patricia Di Palma, trading as Planet Cherry Hill, Dan-Des Promotional Enterprises, Inc., trading as Planet Cherry Hill; M.V.S. Entertainment, Inc.; Albert Van Sciver; and John Doe (Cherry Hill defendants). The plaintiff asserted negligence claims against these Cherry Hill defendants, alleging that their careless conduct in separating two brawling patrons on January 1, 1994 caused him severe facial and dental injuries. As a result of this event Dr. Procini, now a defendant, initially examined plaintiff for injuries to his teeth on January 27, 1994. After this examination, Dr. Procini determined there was severe loss of bone, presence of bone deformity, and two (# 6 and # 7) dental implants were needed.
On March 31, 1994 Dr. Procini started treatment which included the insertion of dental implants. Plaintiff made twenty-three follow-up visits with Dr. Procini after insertion of the dental implants. Plaintiff's final office visit with Dr. Procini occurred on January 3, 1995. At the request of plaintiff's attorney on June 1, 1995, Dr. Procini furnished a report of the treatment he rendered.
Plaintiff was next examined by Dr. Thomas Westcott, another dentist. Dr. Westcott informed plaintiff that the two dental implants installed by Dr. Procini would not accommodate functional prosthetic teeth. On July 27, 1995 Dr. Bradford Porter removed and replaced these dental implants installed by Dr. Procini.
On August 9, 1995, soon after Dr. Porter removed plaintiff's dental implants, a Superior Court arbitration hearing for the plaintiff and the original Cherry Hill defendants was conducted, see R. 4:21A. Plaintiff submitted an arbitration memorandum which referred to Dr. Procini's report submitted on June 1, 1995. The arbitration memorandum also described in list-form the dental implant removal and replacement conducted on July 27, 1995 as "installation of implants." Counsel did not specify the dentist who did this installation. At the arbitration hearing plaintiff was awarded $90,000 total damages for his fractured jaw and other facial and dental injuries. The arbitration panel found 35% liability on plaintiff's part. Plaintiff rejected the arbitration award and on September 6, 1995 filed a demand for jury trial de novo. R. 4:21A-6.
On May 22, 1996, the scheduled trial date, plaintiff settled his claims against the Cherry Hill defendants through a "joint tort-feasor release," presumably preserving his rights against other potential tortfeasor defendants. Also on the May 22, 1996 trial date plaintiff filed a notice of motion to amend his complaint to include claims against the additional defendants, Charles P. Procini, D.D.S., P.A. and Charles Procini. This motion to file a second amended complaint pursuant to R. 4:9-1 ultimately was granted by Judge Fluharty on June 7, 1996 after a labyrinthine procedure.
On June 10, 1996 plaintiff sent the order signed by Judge Fluharty granting plaintiff's motion to file a second amended complaint together with the second amended complaint *203 to the Clerk of the Superior Court in Camden County. On July 2, 1996 a stipulation of dismissal as to the Cherry Hill defendants was filed pursuant to the understanding expressed in the joint tort-feasor release of May 22, 1996.
On about July 17, 1996 plaintiff's attorney became aware he had not received a filed copy of the second amended complaint from the Clerk's office. Plaintiff sent a letter dated July 17, 1996 along with another copy of the second amended complaint and a copy of Judge Fluharty's order to the Clerk's office requesting the second amended complaint be filed.
A civil processing document dated July 26, 1996 was then sent to the plaintiff by the Clerk of the Superior Court, Camden County. According to this document the second amended complaint had not been filed because plaintiff did not include all defendants listed in the caption of the original case and because the amended complaint was mailed in tandem with the motion to file the second amended complaint, causing confusion in the Clerk's office. According to plaintiff's attorney, the Clerk's office informed him in a telephone conversation that he should mail another copy of the second amended complaint to the Clerk's office.
On August 12, 1996 the Clerk of the Superior Court, Camden County, informed plaintiff that as a result of the stipulation of dismissal filed on July 2, 1996 the computer system would not accept the entry of the plaintiff's second amended complaint. Thus, plaintiff needed to have the entire case reinstated in order to proceed.
On September 30, 1996 Judge Fluharty signed an order to reinstate plaintiff's original case, Mitchell v. Palma, under the original docket number L-03107-94. Plaintiff then attempted to file the second amended complaint pursuant to Judge Fluharty's order but still was unsuccessful, as he described in an October 24, 1996 letter he sent to Judge Fluharty.
On November 16, 1996 the plaintiff filed a notice of motion to amend the complaint along with a certification of counsel requesting that an order be entered nunc pro tunc allowing him to file the second amended complaint naming the Procini defendants. Subsequently, on December 20, 1996, a nunc pro tunc order was signed by Judge Vogelson reinstating the matter of Mitchell v. Palma under docket number L-03107-94. Plaintiff then filed the second amended complaint against defendant pursuant to that order. In the fifth count of the newly-amended complaint plaintiff asserted a negligence claim against Dr. Procini for his alleged careless installation of dental implants and subsequent treatment.
Dr. Procini was served on February 10, 1997. He then filed an answer to plaintiff's second amended complaint with separate defenses and demanding a jury trial. He eventually filed a motion and supporting brief for summary judgment, returnable August 8, 1997, asserting that the plaintiff's claims in the second amended complaint were barred by the then-applicable entire controversy doctrine per R. 4:30A, as it existed prior to the September 1, 1998 amendment.
On August 8, 1997 Judge Mariano granted defendant's motion for summary judgment and dismissed plaintiff's claims. The following revealing discussion occurred during the hearing on the motion to dismiss before Judge Mariano on August 8, 1997:
THE COURT: Well, what about the issue of damages, I mean, in terms of the entire controversy? If you had dental and facial damages here and during the pendency of the action he obviously had notice that the treating physician was negligent, or at least there was an allegation of negligence, and that it had caused injury to this plaintiff.
MR. CRISTAL [plaintiff's counsel]: Well, Dr. Procini didn't disclose thea lot of the underlying facts which would have
THE COURT: So what? You knew about it inyou knew about it inyou knew about it before the arbitration, you knew about it in July of `95 because you had Westcoat's letter, or whatever that guy's name is, Dr. Westcoat or Westcott? You had his report that indicated that something to the effect that thesewhat Procini did wouldn't take implants.
MR. CRISTAL: All right. But,

*204 THE COURT: Obviously you knew about it because you came to the courthouse, settled the case and apparently had a motion in your briefcase to file with the clerk.
MR. CRISTAL: Right. And, all that's required under the entire controversy doctrine is notice to the Court of joining the other parties.
THE COURT: Well, there is where you're going to fail, sir. Do you have anything else?
MR. CRISTAL: Well, are you saying that the entire controversy doctrine does apply?
THE COURT: I am.
MR. CRISTAL: And, even though that we're still in the first case?
THE COURT: Well, I don't think you're still in the first case. Even though technically it may have been pending, it was settled. And, the purpose of the entire controversy doctrineI recognize the entire controversy doctrine is in great disarray. But, the very the principles which are incorporated in our rules are still the same. It's the application that has presented difficulty for the courts.
But, it is an equitable principle. And, it's an equitable principle that requires you to notify the Court of the existence of material parties or material causes of action. And, the accrual of either a claim or knowledge of a new party is generally based on what we call the discovery rule. And, that's for the purposes of imposing the entire controversy doctrine.
And, that has two elements to it; injury and knowledge of fault. And, you had it nine months, I think, before the case was settled; nine or ten months before the case was settled. You had it in July of `95, you settled it in May of `96. You knew it and you didn't bring it to the attention of the Court and obviously attempted to circumvent the rule.
MR. CRISTAL: Well, how do you mean circumvent the rule?
THE COURT: You settled the case when you knew you had a claim. You had another claim. It may not necessarily be another claim, but it would be part of the overstill part of the overall damages sustained by your client.
....
You have obviously, purposely and deliberately circumvented the entire controversy doctrine. I am not a great fan of the entire controversy doctrine. This is a classic case for the imposition of the entire controversy doctrine. And, you must have known it. Didn't you also file a separate suit in Burlington County?
MR. CRISTAL: That's right, onI believe on the same day[1]
THE COURT: Sure.
MR. CRISTAL:or around that time.
THE COURT: Gee, how did they get drafted so quickly? I mean, obviously, these were drafted before this case was settled and they weren't filed and you settled the case without revealing that there was another material party to this case.
MR. CRISTAL: But, we had filed the motion on the same day.
THE COURT: You settled the case, period. There's absolutely no doubt about it. The only mistake in your scheme is that your release is dated the same day you attempted to file all these papers, the motion and the new lawsuit.
Well, this is, as our courts have said, it is clearly an equitable doctrine. I think it applies to these facts which I find to be absolutely egregious; absolutely egregious. You settled the case, you never divulged a potential malpractice claim that you were fully aware of for ten months. And, I forget when this accident happened. I know the suit was filed March 30th, `94. What was the date of the accident or the date of the incident?
MS. DOSTMANN [Dr. Procini's counsel]: January 1, 1994.
THE COURT: January 1? And, now in the middle of 1997 you're trying to assert a claim against the treating physician who acted as your expert for malpractice. And I'm going to grant the motion.
This is the best example, in view of the entire controversy doctrine and it applies. *205 Under the existing 1997 entire controversy doctrine, Judge Mariano clearly ruled correctly. See Circle Chevrolet v. Giordano, Halleran & Ciesla, 142 N.J. 280, 289-90, 662 A.2d 509 (1995); Pressler, Current N.J. Court Rules, comment 2 on R. 4:30A (1999).

III
R. 4:5-1(b)(2), following the amendment effective September 1, 1998, now reads:
(2) Notice of Other Actions and Potentially Liable Persons. Each party shall include with the first pleading a certification as to whether the matter in controversy is the subject of any other action pending in any court or of a pending arbitration proceeding, or whether any other action or arbitration proceeding is contemplated; and, if so, the certification shall identify such actions and all parties thereto. Further, each party shall disclose in the certification the names of any non-party who should be joined in the action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts. Each party shall have a continuing obligation during the course of the litigation to file and serve on all other parties and with the court an amended certification if there is a change in the facts stated in the original certification. The court may require notice of the action to be given to any non-party whose name is disclosed in accordance with this rule or may compel joinder pursuant to R. 4:29-1(b). If a party fails to comply with its obligations under this rule, the court may impose an appropriate sanction including dismissal of a successive action against a party whose existence was not disclosed or the imposition on the non-complying party of litigation expenses that could have been avoided by compliance with this rule. A successive action shall not, however, be dismissed for failure of compliance with this rule unless the failure of compliance was inexcusable and the right of the undisclosed party to defend the successive action has been substantially prejudiced by not having been identified in the prior action.

[Amendment of September 1, 1998 emphasized.]
The newly-amended and emphasized section above points out the two prongs necessary for imposition of the authorized sanction, here dismissal of the successive action for non-compliance with R. 4:5-1(b)(2): dismissal is permitted only (1) if the failure was inexcusable and (2) the right of the undisclosed party to defend the successive action was substantially prejudiced. See Pressler, Current N.J. Court Rules, comment on R. 4:5-1 (1999). The "entire controversy" rule, R. 4:30A, was simultaneously amended effective September 1, 1998 to delete the mandatory joinder of parties, as previously required,[2] when implicated in potential liability on the basis of the same transactional facts. Judge Pressler has explained the 1998 amendments this way:
The amendment of this rule, together with R. 4:5-1(b) and the adoption of R. 4:29-1(b), all effective September 1998, represents the Supreme Court's response to the Civil Practice Committee's recommendations. First, mandatory party joinder under the entire controversy doctrine has been eliminated, and preclusion of a successive action against a person not a party to the first action has been abrogated except in special situations involving both inexcusable conduct, as in Crispin, and substantial prejudice to the non-party resulting from omission from the first suit. The elimination of the mandatory party *206 joinder requirement has, however, been replaced by clarification of parties' disclosure obligations and of the range of appropriate court responses to failure of compliance therewith. Thus, R. 4:5-1(b) was amended to require the certification to name non-parties who should be joined under any of the R. 4:28 rules as well as non-parties subject to joinder under R. 4:29-1(b). Rule 4:29-1(b) defines those persons as those who may be liable to any party in the action "on the basis of the same transactional facts." Rule 4:5-1(b) also authorizes the court to require notice of the pending action to be given to any such persons to enable them to seek to intervene and to compel joinder as provided for by R. 4:29-1(b) under the limited circumstance therein specified, namely, if the court finds for specific reasons stated on the record that the interests of non-parties and judicial economy in joinder substantially outweigh the interests of the parties in non-joinder. Finally, R. 4:5-1(b) permits the court to impose sanctions on a party failing to comply with the disclosure obligations therein stated by way of penalty or counsel fees and costs or both. The court may, however, by way of sanctions, dismiss a successive suit against an unnamed transactionally interested person only if the failure to name that person was inexcusable and that person's ability to defend the successive action is substantially prejudiced by not having been named. See further Comment 3 on R. 4:5-1 and Comment on R. 4:29-1(b).
[See Pressler, Current N.J. Court Rules, comment 1 on R. 4:30A (1999).]
We are satisfied on this record that plaintiff's counsel inexcusably violated the duty of notification contained in R. 4:5-1(b)(2), both before and after the 1998 amendment. Judge Mariano's finding of inexcusable violation is unassailable on this record. We affirm that finding for the reasons stated in his oral opinion on the summary judgment motion. We cannot, on this record, reach the same conclusion on the second prong, "substantial prejudice" to defendant Dr. Procini. For us to reach a conclusion on this issue, either way, would require us to speculate. We prefer to remand for a trial-level examination of the substantial prejudice prong.
We apply the rules as they presently exist to resolve this dispute. In Olds v. Donnelly, 150 N.J. 424, 696 A.2d 633 (1997), decided on July 16, 1997, our Supreme Court declared a major doctrinal change of direction in the application of the entire controversy doctrine. Olds clearly foreshadowed the modifications adopted by the later amendments to R. 4:5-1(b), R. 4:28-1, R. 4:29(1)(b), and R. 4:30A. We therefore conclude that limited or "pipeline" retroactivity will best satisfy the purposes of the Olds decision: to foster equitable results, the repose of decided matters, and the efficient administration of justice. See Higgins v. Swiecicki, 315 N.J.Super. 488, 719 A.2d 166 (App.Div.1998).
We remand to Judge Mariano in the Law Division to entertain such proofs as the parties might wish to present on the substantial prejudice and sanction issues, either on a renewed application for summary judgment by defendant Dr. Procini, or if testimonial proofs are needed, perhaps by summary proceedings per R. 4:67.
The ruling and decision in favor of the Procini defendants is modified and, as so modified, is remanded for further proceedings. Jurisdiction is not retained.
NOTES
[1] This suit was later dismissed because no service was made.
[2] Before September 1, 1998, R. 4:30A stated:

Non-joinder of claims or parties required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by R. 4:64-5 (foreclosure actions) and R. 4:67-4(a) (leave required for counterclaims or cross-claims in summary actions). [Emphasis supplied.]
R. 4:30A now states:
Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by R. 4:64-5 (foreclosure actions) and R. 4:67-4(a) (leave required for counterclaims or cross-claims in summary actions).