341 P.2d 212

George G. McANERNEY, Plaintiff and
Appellant,

v.

STATE of Utah, DEPARTMENT OF PUB-
LIC SAFETY, DRIVER'S LICENSE DI-
VISION, and George Miller, Director, De-
fendants and Respondents.

No. 8969.

Supreme Court of Utah.

June 29, 1959.

Fabian, Clendenin, Mabey, Billings & Stoddard, Albert J. Colton, D. M. Amoss, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., Wallace B. Kelly, Asst. Atty. Gen., for respondents.

TUCKETT, District Judge.

The appellant has brought this appeal from a judgment of the court below, wherein the court found that the appellant's driver's license was subject to suspension under the provisions of Section 41–2–19, U.C.A. 1953. The judgment was based on a finding that the appellant was a habitually negligent driver.

The facts are these: The appellant, who is a sales representative, travels in this and surrounding states in his employment. He drives between eight hundred and a thousand miles per week. He received citations on March 8, 1956, March 28, 1957, and May 28, 1957, for speeding. On the basis of these violations, the Department of Public Safety issued an order suspending the appellant's driver's license for a period of three months. After this order of suspension, the appellant was granted a restricted license. On May 28, 1958, the appellant was arrested for speeding. On the basis of this violation and the violations in 1957, the Department of Public Safety, George C. Miller, Director, suspended the appellant's license for a period of six months on July 1, 1958.

The appellant requested a hearing before the Department, which hearing was had before the defendant, George C. Miller. After an adverse decision, the appellant filed this action in the District Court. After a hearing the court ruled that the order of suspension made by the Department was void and the same was set aside. On September 4, 1958, the Department issued an additional order of suspension. Another hearing was had before the defendant, Miller, on September 22, 1958. The Department again issued an order of suspension, and the appellant brought an action in the District Court.

A trial was had before the court. The defendants introduced no evidence, except the testimony of the defendant, Miller, to the effect that he had given the appellant a hearing.

Attached to the record are certain exhibits, entitled, "Reports Of Conviction For Violation Of Motor Vehicle Laws." It does not appear from the record on appeal that these exhibits were received in evidence. It will be observed that the Exhibit 1 was not attested or verified by the signature of a judge or the Clerk of the Court as a report of conviction. It also appears that the document, marked Exhibit 3, was attested by a facsimile or stamped signature.

194

These exhibits would be admissible under the statute, but only if their authenticity were duly established.

 At the time of the trial in the court below, the trial judge announced that the petitioner might introduce evidence to refute the finding of the Department that the petitioner was a habitually negligent driver. It appears that the lower court may have misconceived its duties and responsibilities under the provisions of Section 41–2–20, U.C.A.1953. Under the provisions of this statute, it was the duty of the court to hear the case de novo, and not merely as a review of the action of the Department. However, inasmuch as it is provided by statute that in proceedings before the Department the proof of three moving violations within a period of eighteen months constitutes prima facie evidence that the driver is habitually negligent, the only logical conclusion to be drawn is that the same rule is applicable in the hearing on the matter before the District Court. If the plaintiff introduces evidence to the contrary, the trial court thus then must make its independent determination of whether the charge of being a habitually negligent driver is sustained. It is to be appreciated that there are some moving violations which may have no relationship to negligent driving, in view of the surrounding circumstances; and such matters are for the determination of the Department in the first instance, and upon subsequent proceedings for the court.

 We feel, and so hold, that the court was required to take testimony, examine into the facts, and make its own independent determination as to whether the appellant was a habitually negligent driver, and whether his driver's license should be suspended.

██ ██ For the guidance of the Department of Public Safety, we observe that if there is a request by the suspended driver, he should have the privilege of having witnesses subpoenaed on his own behalf. The Department, in conducting its hearings, should substantially comply with the fundamental rules of due process in legal proceedings, even though all of the particular formalities required in court proceedings need not be met.

 While the appellant contends that in the hearing before the Department he was denied due process of law, we are of the opinion that the provisions of the law are reasonable regulations in the safeguarding of lives and property upon the highways, even though a driver may have his license suspended pending a hearing. The right to a hearing before the Department and its determination being subject to re-examination in the court is sufficient to protect the substantial rights of the driver.

The appellant assigns as error the use of the same evidence twice.

The Department, having considered the violation in 1956, and two in 1957, as a basis for finding that the appellant was habitually negligent, and having issued its order of suspension again, after a violation in 1958, issued a new order of suspension.

A reading of the statute does not indicate that the legislature intended a cumulative result. We are of the opinion that the violations used in a prior determination and suspension should not again be used as the basis of a new order of suspension.

In the lower court the appellant testified as to each of the violations upon which the Department made its determination that the appellant's license should be suspended. There was sufficient evidence to support a finding that the appellant was a habitual, negligent driver. Nevertheless, it appearing that the court treated the case as a review, rather than a trial de novo, and it further appearing that the court may have based its findings on evidence that was inadmissible, or which was the basis of the Department's first order of suspension, the case is returned to the court for a new trial.

CROCKETT, C. J., and HENRIOD, WADE, and McDONOUGH, JJ., concur.

WORTHEN, J., deceased.