**Ray PLEDGER, Plaintiff and Appellant,**

**v.**

**S. Tony COX, Director, Drivers License Division, Defendant and Respondent.**

**No. 16987.**

Supreme Court of Utah.

Feb. 4, 1981.

Jo Carol Nesset-Sale, of Salt Lake Legal Defenders Association, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

* CROCKETT, J., concurred in this case prior to his retirement.

OAKS, Justice:

The issue in this appeal is the nature and allocation of the burden of proof and burden of going forward with evidence in a district court's "trial de novo" review of an administrative revocation of a driver's license for refusal to submit to a blood test for alcohol content pursuant to the implied consent statute.

After giving appellant a field sobriety test, a Salt Lake City police officer investigating a traffic accident placed appellant under arrest for driving under the influence of alcohol. According to his testimony, the officer then requested appellant to take the breathalyzer test, and appellant refused. Following a hearing in which it determined that appellant had refused to submit to such test, the Drivers License Division (hereafter referred to as "the Division") revoked appellant's driver's license for one year, as required by U.C.A., 1953, 41–6–44.-10(b). Appellant then filed a timely petition in the district court under the following provision of that statute:

> Any person whose license has been revoked by the department under the provisions of this section shall have the right to file a petition within thirty days thereafter for a hearing in the matter in the district court in the county in which such person shall reside. Such court is hereby vested with jurisdiction, and it shall be its duty to set the matter for trial de novo upon ten days' written notice to the department and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner's license is subject to revocation under the provisions of this act.

At the hearing in the district court, the judge, sitting pro tem, required appellant to go forward with his evidence, ruling over objection that appellant had the burden of proving by a preponderance of the evidence that he had not refused a lawfully requested breathalyzer test. Appellant thereupon called the arresting officer as a witness. At the conclusion of a brief hearing, the court found that appellant had not met his burden by a preponderance of the evidence,

and ordered his driver's license revoked for one year. For the reasons stated herein, we reverse and remand for a new trial.

Respondent, Director of the Division, argues that the appellant, as the plaintiff in the district court, had the burden of proof. He relies on several decisions from the highest courts of other states to the effect that in a trial de novo review of an administrative revocation of a driver's license the burden of going forward with evidence and the burden of persuading by a preponderance of the evidence are on the licensee. This was the holding in *Buda v. Fulton*, 261 Iowa 981, 157 N.W.2d 336 (1968), and *Burbage v. Department of Motor Vehicles*, 252 Or. 486, 450 P.2d 775 (1969), but there are decisions to the contrary on this same point in other states. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971); *Joyner v. Garrett*, 279 N.C. 226, 182 S.E.2d 553, rehearing denied 279 N.C. 397, 183 S.E.2d 241 (1971); *Chmelka v. Smith*, 81 S.D. 40, 130 N.W.2d 423 (1964). No Utah case has treated the meaning of "trial de novo" under U.C.A., 1953, 41–6–44.10(b), which has somewhat different language than any of the statutes involved in the cited cases.

■ The words "de novo," meaning literally "anew, afresh, a second time," *Black's Law Dictionary* 483 (4th ed. rev. 1968), have at least two possible interpretations when applied to judicial review of administrative action: "(1) A complete retrial upon new evidence; and (2) a trial upon the record made before the lower tribunal." *D. & R. G. W. R. Co. v. Public Service Commission*, 98 Utah 431, 436, 100 P.2d 552 (1940). In that case, the Court said that the first meaning was applicable to appeals from the justice court, where the case was tried in the district court "as if it originated there," and the second meaning was applicable to the court's treatment of equity appeals, where the parties were entitled to "a trial de novo upon the record." *Id.*

The meaning of "trial de novo" in each statute is obviously dictated by the wording and context of the statute in which it appears and by the nature of the administra-

tive body, decision and procedure being reviewed. Thus, in *D. & R. G. W. R. Co. v. Public Service Commission, supra,* the statute provided for review of a denial of a contract motor carrier permit by an "action" for "plenary review" in the district court, whose hearing should "proceed as a trial de novo." Since "review" presupposed the continued existence of the Commission action, this Court held that the trial de novo specified there was "a trial upon the record made before the lower tribunal" without the submission of new testimony. The purpose of the de novo requirement in that statute was to signify that the scope of the court's review of the record would include a fresh consideration of questions of fact as well as questions of law. 98 Utah at 438, 100 P.2d at 555.

■ In contrast, the district court which conducts the statutory "trial de novo" in this case is specifically given the "duty . . . to take testimony and examine into the facts of the case and to determine whether the petitioner's license is subject to revocation under the provisions of this act." U.C.A., 1953, 41–6–44.10(b). In context, this is a clear legislative direction that in hearings under this statute the district court should conduct what the *D. & R. G. W.* case called "a complete retrial upon new evidence." This interpretation of trial de novo affords a party who is about to suffer from administrative action a closer judicial scrutiny than a mere review of the record of agency action, and we think this preferable in view of the seriousness of the administrative action and the relative ease with which the limited factual issue can be subjected to retrial in the district court.

Upon such complete retrial, the Division should obviously have the burden of proof and the burden of going forward with the evidence. The petitioner must, of course, set the review process in motion by an appropriate and timely petition, and until and unless he has done so, the administrative action is valid and binding. But once this is done, the district court has an entirely new proceeding, with the burdens allocated as if the Division were the moving party.

Our conclusion is consistent with—if not dictated by—this Court's decision in *McAnerney v. State Dept. of Public Safety,* 9 Utah 2d 191, 341 P.2d 212 (1959), which involved the Division's suspension of a driver's license under U.C.A., 1953, 41–2–19 for habitual negligent driving. The statute that permitted the aggrieved party to petition for a court "hearing" in that case, U.C.A., 1953, 41–2–20, is essentially identical to the statute in this case (41–6–44.-10(b)) in its description of the nature of the hearing and the court's determination, except that it makes no mention of a "trial de novo." At the hearing in *McAnerney,* as in this case, the district court put the burden on the licensee, requiring him "to refute the finding of the Department that the petitioner was a habitually negligent driver." This Court reversed, holding that "it was the duty of the court to hear the case de novo, and not merely as a review of the action of the Department." 9 Utah 2d at 194, 341 P.2d at 214. Since that procedure was required in a statute which did not even mention "trial de novo," the *McAnerney* case is an *a fortiori* authority for requiring the Division to bear the burden of proof and the burden of going forward in a case where the statute explicitly directs a "trial de novo."

■ Even though the appellant in this case had the opportunity to present and did present his evidence in the district court (as respondent argues), when this was done under a proceeding faulted by an erroneous ground rule about the sequence and burden of proof, as in the circumstances of this case, we should not speculate about whether the error was prejudical, but should reverse and remand the case to the district court for a new trial. So ordered.

MAUGHAN, C. J., and HALL, STEWART and HOWE, JJ., concur.