2008 UT 41

**SALT LAKE CITY, Plaintiff
and Petitioner,**

v.

**The Honorable Sheila K. McCLEVE,
Judge of the Third District Court,
Salt Lake County, Respondent,**

**Sarah McKenna, Defendant
and Respondent.**

No. 20070957.

Supreme Court of Utah.

July 8, 2008.

Simarjit Singh Gill, Edward A. Berkovich, Salt Lake City, for petitioner.

Brent M. Johnson, Salt Lake City, for respondent Judge McCleve.

David E. Rosenbloom, Park City, for respondent McKenna.

WILKINS, Justice:

¶ 1 Salt Lake City has petitioned for extraordinary relief following an adverse ruling by the Honorable Sheila K. McCleve in a proceeding by the City against Sarah McKenna. We grant the relief requested and remand the case to the district court, with leave for Salt Lake City to withdraw its prior certification.

### BACKGROUND

¶ 2 On November 30, 2006, Sarah McKenna was arrested for driving under the influence, and subsequently submitted to a breath test to determine her blood-alcohol level. She was later charged in the Salt Lake City Justice Court with violating Utah's DUI statute.

¶ 3 Before her trial, McKenna successfully moved the justice court to suppress the breath test results. Salt Lake City appealed the justice court order to the district court, which has statutorily limited appellate jurisdiction over such matters. In order for the district court to have jurisdiction to review the justice court's order, Utah Code section 78A–7–118(4)(e) requires the prosecutor to certify that the suppression order "prevents continued prosecution." Utah Code Ann. § 78A–7–118(4)(e) (2008).[1]

¶ 4 The City so certified, but the district court carefully reviewed the substance of the

---

1. Title 78 was recently recodified, and thus we cite to the present citation of the statute cited, by the parties in their briefs, as Utah Code section 78–5–120(4)(e) (2002).

City's certification and ruled that it was improper. The district court concluded that since the DUI statute allowed for alternative methods of proof, one of which did not require a breath test, continued prosecution under the charge was not actually prevented.[2] Accordingly, the district court remanded the case to the justice court for further prosecution without considering the merits of the City's challenge to the order suppressing the breath test results. The City filed this petition for extraordinary relief, seeking to overturn the district court's decision based on the content of the certification and to obtain a de novo hearing on the propriety of the suppression order in the district court.

## ANALYSIS

¶ 5 Extraordinary relief may be available upon a showing that the lower court has exceeded its permitted range of discretion, and a mistake of law may constitute such an excess. *See State v. Barrett*, 2005 UT 88, ¶ 26, 127 P.3d 682. Although relief may be available, we only grant relief after considering multiple factors, including "the egregiousness of the alleged error, the significance of the legal issue . . . , the severity of the consequences occasioned by the alleged error, and additional factors." *Id.* ¶ 24. The scope of review is limited to determining "whether the respondent [in this case, the district court judge] has regularly pursued its authority." Utah R. Civ. P. 65B(d)(4).

¶ 6 Utah Code section 78A–7–118 governs the process for appealing justice court decisions. Section 118(4) states: "The prosecutor is entitled to a hearing de novo in the district court on: . . . (e) a pretrial order excluding evidence, when the prosecutor certifies that exclusion of that evidence prevents continued prosecution. . . ." Utah Code Ann. § 78A–7–118(4)(e) (2008). The parties to this case differ significantly on the deference that a district court should accord such a certification, on the meaning of "prevents" in the statute, and on whether the City's certification that prosecution was prevented also takes into account the alternate methods of proof available in the DUI statute.

¶ 7 As the plain language of section 118 suggests, whether a prosecutor receives a de novo hearing on a justice court suppression order is subject to only one condition: that the prosecutor certify that the order excluding evidence prevents continued prosecution. The statute does not require the district court to look behind the certification. Instead, upon certification, a prosecutor is entitled to a de novo hearing by the district court, limited in scope to the contested order. Accordingly, the district court in this case exceeded its permitted discretion by engaging in an examination of the merits of the City's certification.

¶ 8 Certification by the prosecutor also has other implications. If, at the de novo hearing, the district court concludes that the evidence was *improperly* excluded, then the case should be remanded to the justice court to continue its proceedings, with the challenged evidence admitted. If the district court finds, however, that the evidence was *properly* excluded, then the case should be dismissed, not remanded. A prosecutor who certifies that the exclusion of evidence "*prevents* continued prosecution" is not entitled, following an adverse ruling from the district court, to continue prosecution of the same charge. The law takes the prosecutor's certification at its word.

¶ 9 We interpret "prevents" in section 118(4)(e) according to its plain meaning: a total inability to prosecute the case. Certification that continued prosecution is prevented, therefore, means that the prosecutor is totally unable to prosecute the defendant under the charge. A prosecutor will be held to such a certification. Consequently, such a certification should be made with care.

¶ 10 In this case, McKenna was charged with violating Utah's DUI statute, which states:

A person may not operate or be in actual physical control of a vehicle within this state if the person:

(a) has sufficient alcohol in the person's body that a subsequent chemical test shows that the person has a blood or

---

2. McKenna alleges, and the City does not dispute, that the City has other evidence of intoxication, e.g., field sobriety tests, that it could use to prosecute her under the relevant statute.

breath alcohol concentration of .08 grams or greater at the time of the test;

(b) is under the influence of alcohol, any drug, or the combined influence of alcohol and any drug to a degree that renders the person incapable of safely operating a vehicle;

(c) has a blood or breath alcohol concentration of .08 grams or greater at the time of operation or actual physical control.

Utah Code Ann. § 41–6a–502(1)(a)–(c) (2005). The subsections of 502(1), although not explicitly disjunctive, are clearly alternate ways of proving that a defendant is operating a vehicle under the influence of alcohol or drugs. Under section 502(1), therefore, a prosecutor who certifies under section 78A–7–118(4)(e) that continued prosecution is prevented is certifying that he is unable to prosecute the defendant under *any* of the alternate methods listed in the subsections. Thus, if the City receives an adverse ruling from the district court in the de novo hearing on the suppression order, the city must dismiss the charge filed against McKenna.

¶ 11 While the district court's error here was not egregious, the legal issue is significant; there are many similar cases pending in the district courts which raise this very issue. Because of the significance of the issue, we find that extraordinary relief is warranted. *See Barrett*, 2005 UT 88, ¶ 24, 127 P.3d 682.

## CONCLUSION

¶ 12 We hold that the district court exceeded its permitted discretion by seeking to determine whether the City's certification was merited. We further hold that extraordinary relief is warranted because of the significance of the legal issue. We therefore remand this case to the district court for de novo review of the suppression order.

¶ 13 We also recognize, however, that this clarification of the operation of Utah Code section 78A–7–118(4)(e) entails what may have been unexpected consequences resulting from the prosecutor's certification. We therefore also grant the City leave to withdraw its certification, if it so wishes, in which case the matter will return to the justice court for further proceedings.

¶ 14 The petition for extraordinary relief is granted, and the case is remanded.

¶ 15 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice WILKINS' opinion.