**2016 UT App 159**

## THE UTAH COURT OF APPEALS

MICHAEL SMITH,
Petitioner,

*v.*

THE HONORABLE ELIZABETH HRUBY-MILLS
AND SALT LAKE CITY,
Respondents.

Opinion
No. 20150198-CA
Filed July 29, 2016

Original Proceeding in this Court

Jason Schatz, Attorney for Petitioner

Brent M. Johnson and Nancy J. Sylvester, Attorneys
for Respondent the Honorable Elizabeth Hruby-Mills

Padma Veeru-Collings and Brandon E. Simmons,
Attorneys for Respondent Salt Lake City

JUDGE STEPHEN L. ROTH authored this Opinion, in which JUDGE
J. FREDERIC VOROS JR. and JUSTICE JOHN A. PEARCE concurred.[1]

ROTH, Judge:

¶1      Pursuant to rule 65B of the Utah Rules of Civil Procedure, Michael Smith petitions this court for extraordinary relief following a ruling against him by the Honorable Elizabeth Hruby-Mills on a motion to suppress evidence. Smith filed the

---

1. Justice John A. Pearce began his work on this case as a member of the Utah Court of Appeals. He became a member of the Utah Supreme Court thereafter and completed his work on the case sitting by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 3-108(3).

motion during the course of an appeal to the district court from a misdemeanor criminal conviction in the Salt Lake City Justice Court. Although we conclude that he is eligible for relief, we deny Smith's petition because he has failed to persuade us that the district court abused its discretion.

BACKGROUND

¶2      Smith was arrested for driving under the influence, *see* Utah Code Ann. § 41-6a-502 (LexisNexis 2014), and failure to stay in one lane, *see id.* § 41-6a-710(1). Salt Lake City (the City) subsequently filed corresponding charges against Smith in the justice court.

¶3      Before trial, Smith successfully moved the justice court to suppress all evidence obtained following the initial traffic stop on the basis that the police officer lacked reasonable suspicion to stop his vehicle. The City "exercise[d] its right to appeal [the justice court's] pre-trial order suppressing evidence" by filing a notice of appeal seeking a hearing de novo in the district court. *See id.* § 78A-7-118(6) (LexisNexis Supp. 2015).[2] The City's appeal was assigned to Third District Court Judge Hruby-Mills.[3] After the de novo hearing, which included briefing, presentation of

---

2. The Utah Legislature made changes to the wording and numbering of some subsections of section 78A-1-118 by an amendment effective May 10, 2016. *See* 2016 Utah Laws ch. 33 § 5. Because the amended statute does not differ materially from the version of the statute in effect during the relevant time frame, we cite the most recent version of the Utah Code Annotated.

3. Rule 38 of the Utah Rules of Criminal Procedure requires that "[a] case appealed from a justice court shall be heard in a district courthouse located in the same county as the justice court from which the case is appealed." Utah R. Crim. P. 38(a).

evidence, and argument, the district court judge denied Smith's motion to suppress and remanded the case to the justice court for further proceedings. Smith then pleaded guilty to driving under the influence and was sentenced.[4] The day after sentencing, Smith appealed his conviction to the district court under section 78A-7-118(1) of the Utah Code and rule 38 of the Utah Rules of Criminal Procedure, which provide for a trial de novo in the district court on appeal from a judgment of the justice court.

¶4    Coincidently, Smith's appeal was again assigned to Judge Hruby-Mills.[5] On appeal, Smith refiled the same motion to suppress evidence that the justice court had granted and the district court had denied on hearing de novo. In opposing the motion, the City argued that the matter had already been subject to a hearing de novo and that consideration of the motion to suppress a second time in Smith's trial de novo "would violate the doctrine of res judicata." The district court acknowledged that Smith was "entitled to a trial de novo . . . pursuant to Utah Code 78A-7-118(1)" and that he was "entitled to have the District Court hear 'any pretrial evidentiary matters the court deems necessary,' pursuant to rule 38(e)(2) [of the Utah Rules of Criminal Procedure]," but ultimately the court concluded that "in this case" it was "not . . . necessary" to hear Smith's motion to suppress because "the same [motion] . . . ha[d] previously been argued before and decided" by the court. Smith now files this petition for extraordinary relief seeking an order directing the district court to consider his motion to suppress in the

---

4. The charge for failure to stay in one lane was dismissed.

5. Apparently in the Salt Lake Department of the Third District Court, judges are assigned on a rotating basis to hear appeals from justice courts; at the time of Smith's appeal, Judge Hruby-Mills was one of the judges assigned to hear appeals from the justice court.

context of a trial de novo and to assign the case to a judge other than Judge Hruby-Mills. Both the City and Judge Hruby-Mills (collectively, Respondents) oppose Smith's petition, arguing that either res judicata or the law of the case doctrine—or both—bar Smith from relitigating the motion to suppress as part of his trial de novo in the district court.

## ISSUE AND STANDARD OF REVIEW

¶5     Smith petitions this court for extraordinary relief under rule 65B(d) of the Utah Rules of Civil Procedure. In his petition, Smith challenges the district court's decision not to hear his motion to suppress on the ground that the court misinterpreted the applicable statute and prior case law. Under rule 65B, Smith's petition may succeed only if "no other plain, speedy and adequate remedy is available," Utah R. Civ. P. 65B(a), and upon showing, among other things, that the district court "abused its discretion," *id.* R. 65B(d)(2).

¶6     The first portion of that standard is established. Because there is no right of appeal from a district court's de novo review of a justice court decision, Smith has no other "plain, speedy and adequate remedy" from the district court's decision in these circumstances, and can therefore seek extraordinary relief by petition.[6] *Id.* R. 65B(a). Our decision to grant relief, however, depends on a number of factors including:

---

6. Section 78A-7-118 of the Utah Code provides: "The decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." Utah Code Ann. § 78A-7-118(9) (LexisNexis Supp. 2015). "[T]he Utah Legislature . . . [by enacting section 78A-7-118] specifically and intentionally limited the issues that may be appealed from a district court's judgment." *State v. Hinson*, 966 P.2d 273, 276 (Utah Ct. App. 1998). Because Smith is not

(continued…)

the egregiousness of the alleged error, the significance of the legal issue . . . , the severity of the consequences occasioned by the alleged error, and additional factors. The scope of review is limited to determining whether the respondent [in this case, the district court judge] has regularly pursued its authority.

*Salt Lake City v. McCleve*, 2008 UT 41, ¶ 5, 190 P.3d 1240 (alteration and omission in original) (citations and internal quotation marks omitted).

## ANALYSIS

¶7   We first discuss section 78A-7-118 of the Utah Code, which provides the processes for both a hearing de novo and trial de novo of an appeal from a decision made in the justice court. Next, we consider the doctrines of res judicata and law of the case and how they may apply in the context of a trial de novo. We conclude that although law of the case is applicable to an appeal from justice court, res judicata is not. We then turn to Smith's request for extraordinary relief and conclude that the district court did not abuse its discretion and we therefore deny Smith the relief he requests.

### I. Appeal from a Justice Court Ruling

¶8   Section 78A-7-118 of the Utah Code establishes two types of appeal from justice court: a trial de novo and a hearing de novo. *See* Utah Code Ann. § 78A-7-118 (LexisNexis Supp. 2015).

---

(…continued)
challenging the district court's ruling on the constitutionality of a statute or ordinance, the matter is before this court on a petition pursuant to Utah Rule of Civil Procedure 65B.

¶9 A defendant has a right to a *trial* de novo in the district court on appeal from a justice court conviction. Subsections (1) through (3) govern a defendant's right to appeal a conviction and describe the process a defendant must take to obtain a "trial de novo in the district court." *Id.* § 78A-7-118(1)–(3). Subsection (1) states that "a defendant is entitled to a trial de novo in the district court [after] . . . (a) sentencing . . . or (b) a plea of guilty or no contest in the justice court that is held in abeyance," while subsections (2) and (3) address particular circumstances related to the process that are not at issue here. *Id.* § 78A-7-118(1)(a)–(b); *see also id.* § 78A-7-118(2)–(3). Smith has appealed his conviction after his justice court sentencing.

¶10 A defendant in some circumstances and the prosecution in other circumstances also have a right to a *hearing* de novo in the district court after an adverse ruling, generally where important rights are involved that cannot be remedied by the defendant through a trial de novo or would not be remedied at all by the prosecution. *Id.* § 78A-7-118(4)–(6). For example, under subsection (4) a defendant "is entitled to a hearing de novo in the district court" from a justice court's decision to revoke probation, to enter "a judgment of guilt" for violation of the terms of a plea in abeyance and any sentence entered after the entry of such a judgment, or to deny "a motion to withdraw a plea." *Id.* § 78A-7-118(4)(a)–(d). Under subsection (5), the prosecution "is entitled to a hearing de novo" from a justice court decision that would halt or seriously impede the prosecution of the case, such as an order "holding invalid any part of a statute or ordinance," an order allowing the defendant to "withdraw a plea of guilty or no contest," and certain orders that essentially end the prosecution as a matter of law, including a "final judgment of dismissal," "an order arresting judgment," and "an order terminating the prosecution" on the basis of "double jeopardy or denial of a speedy trial." *Id.* § 78A-7-118(5)(a)–(d), (g). As relevant to the circumstances here, the prosecution may appeal "a pretrial order excluding evidence." *Id.* § 78A-7-118(5)(e). Subsection (5) states

that "[t]he prosecutor is entitled to a hearing de novo in the district court on . . . a pretrial order excluding evidence, when the prosecutor certifies that exclusion of that evidence impairs continued prosecution of a class B misdemeanor," such as the class B misdemeanor DUI charged in this case. *Id.* § 78A-7-118(5)(f).[7]

¶11    The question here is whether under this statutory scheme Smith is entitled to relitigate, as part of his district court trial de novo, the motion to suppress evidence that the district court resolved against him in a hearing de novo originated by the City in the course of the justice court process. The concept of the trial de novo as "a complete retrial upon new evidence," *Pledger v. Cox*, 626 P.2d 415, 417 (Utah 1981) (citation and internal quotation marks omitted), where the defendant has "a new opportunity to have a trier of fact review the case unfettered by prior factual findings," *Taylorsville City v. Adkins*, 2006 UT App 374, ¶ 6, 145 P.3d 1161, arguably is broad enough on its face to encompass the sort of "fresh start" that Smith argues ought to include a rehearing on his motion to suppress evidence, free from the burden of the district court's prior decision on the hearing de novo, *see, e.g.*, *Bernat v. Allphin*, 2005 UT 1, ¶ 31, 106 P.3d 707 ("The outcome of the prior justice court proceeding plays no part in the trial de novo . . . ."); *Pledger*, 626 P.2d at 416 ("The words 'de novo,' mean[] literally 'anew, afresh, a second time.'" (citation omitted)); *State v. Hinson*, 966 P.2d 273, 275–76 (Utah Ct. App. 1998) (recognizing that in a trial de novo "the proceedings begin anew in the district court"). But the City argues that the doctrines of res judicata and law of the case

---

7. Subsection (e) of the same subsection provides that the "prosecutor is entitled to a hearing de novo in the district court" when a justice court's suppression order "*prevents* continued prosecution of an infraction or class C misdemeanor." Utah Code Ann. § 78A-7-118(5)(e) (emphasis added).

preclude such a result. We first determine that res judicata does not apply under the circumstances of a trial de novo from a justice court conviction. We then conclude that a district court considering an appeal on trial de novo from a justice court conviction is neither irretrievably bound by a prior decision on a hearing de novo, as the City argues, nor required to rehear the matter over again, as Smith contends. Rather, we conclude that the second branch of the law of the case doctrine applies, which gives the district court judge some discretion to rehear or reconsider prior decisions made on hearing de novo in the course of the trial de novo process but does not require the court to do so.

## II. Res Judicata

¶12    Respondents argue that the doctrine of res judicata bars Smith from relitigating his motion to suppress—specifically, the doctrine's issue preclusion branch. *See generally Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶¶ 19–20, 16 P.3d 1214 (recognizing that "[t]he doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion," and explaining the difference between the two branches). We conclude that the doctrine of res judicata does not apply in the context of this case. Issue preclusion applies only when the following four elements are met:

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.

*Collins v. Sandy City Board of Adjustment*, 2002 UT 77, ¶ 12, 52 P.3d 1267 (citation and internal quotation marks omitted).

¶13    The elements of res judicata assume that there has been a "prior adjudication," a "first action," or a "first suit"; in other words, by implication, the prior decision sought to be applied must have occurred in a case other than the one in which a party seeks to give it effect. However, as we discuss more fully in the next section, "a trial de novo before a district court is more properly regarded 'as but an enlarged, fact-sensitive part of a single, continuous course of judicial proceedings during which . . . a defendant receives more—rather than less—of the process normally extended to criminal defendants in this nation.'" *Bernat*, 2005 UT 1, ¶ 26 (quoting *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 309 (1984)). Accordingly, for purposes of res judicata, a trial de novo and an earlier hearing de novo in the same case are part of a single case; the hearing de novo is thus not a prior action that "resulted in a final judgment on the merits." *See Collins*, 2002 UT 77, ¶ 12 (citation and internal quotation marks omitted); *see also Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 ("For an order or judgment to be final, it must dispose of the case as to all the parties, and finally dispose of the subject-matter of the litigation on the merits of the case." (emphasis, citation, and internal quotation marks omitted)). Rather, a trial de novo is part of a single, continuous process and therefore the justice court portion of the proceedings is not a prior case for purposes of res judicata.

¶14    As a result, decisions made in hearings de novo do not meet the requirements for application of the issue preclusion branch of res judicata.

### III. Law of the Case Doctrine

¶15    "Law of the case is a legal doctrine courts apply when refusing to readdress an issue previously decided in the same case." *State v. O'Neil*, 848 P.2d 694, 697 (Utah Ct. App. 1993),

*abrogated on different grounds by State v. Doporto*, 935 P.2d 484 (Utah 1997). "The policy behind the doctrine is that in the interest of economy of time and efficiency of procedure, it is desirable to avoid the delays and the difficulties involved in repetitious contentions and rulings upon the same proposition in the same case." *Id.* (citation and internal quotation marks omitted); *see also IHC Health Services, Inc. v. D & K Mgmt., Inc.*, 2008 UT 73, ¶ 26, 196 P.3d 588 ("[U]nder the law of the case doctrine, a decision made on an issue during one stage of a case is binding in successive stages of the same litigation." (citation and internal quotation marks omitted)). We explained further:

> The doctrine of law of the case has two branches. *The first branch requires* an issue *decided by an appellate court* be followed in all subsequent proceedings in the same case . . . unless . . . the decision was clearly erroneous and would work a manifest injustice. This serves the dual purpose of protecting against the reargument of settled issues and assuring the adherence of lower courts to the decision of higher courts. *The second branch advises* that a court should not reconsider and overrule *a decision made by a co-equal court*. The second branch neither mandates blind adherence to earlier rulings nor does it rise to the dignity of res judicata or stare decisis. In short, a trial court has significantly more discretion to reconsider an issue decided by a co-equal court.

*O'Neil*, 848 P.2d at 697 (omissions in original) (emphases added) (citations and internal quotation marks omitted).

¶16 Under our bifurcated justice court appeal system, the hearing de novo process seems analogous to the usual context in which the first branch of the law of the case doctrine applies, also known as the mandate rule. *See Thurston v. Box Elder County*, 892 P.2d 1034, 1037–38 (Utah 1995) ("One branch of the doctrine,

often called the mandate rule, dictates that pronouncements of an appellate court on legal issues in a case become the law of the case and must be followed in subsequent proceedings of that case."). In the context of a hearing de novo, the justice court is a lower court that must adhere to the decision of the higher-level district court. Accordingly, under the first branch of the law of the case doctrine, the decision of the district court is binding on the justice court, just as the mandate of an appellate court would conclusively bind the district court in all further proceedings. *See id.*

¶17    Relying on this analogy, Respondents essentially argue that, like an appellate decision, the district court's decision on a hearing de novo must "be followed in all subsequent proceedings in the same case," *see O'Neil*, 848 P.2d at 697 (citation and internal quotation marks omitted), including any trial de novo in the district court. But the Utah Supreme Court has recognized that "[l]aw of the case terminology has been applied to a number of distinct sets of problems, each with a separate analysis." *Thurston*, 892 P.2d at 1037. So although one set of problems involves judicial review by an appellate court and the subsequent application of the mandate rule, *see id.* at 1037–38, another "set of problems involves the respect that one judge or panel owes to the rulings of another judge or panel in a co-equal or coordinate court in the same or a closely related case," *id.* at 1037 n.2. This passage describes the second branch of the law of the case doctrine that we identified in *O'Neil*. And we view the circumstances of a trial de novo as more akin to the "set of problems" involved in the second branch of our law of the case doctrine, where a coequal or coordinate court is reviewing a prior ruling of another coequal or coordinate court, not further proceedings on remand following a true appeal, where the mandate rule applies. *See id.*

¶18    In this regard, the role of the district court changes once the defendant appeals from a conviction in the justice court. At that point, the matter passes completely out of the realm of the

justice court, and the district court is no longer making decisions that govern the proceedings of a lower court as it was in the context of the hearing de novo where its decisions amounted to a mandate to the justice court. In other words, a district court in a trial de novo does not stand in the same position with respect to its own prior ruling in a hearing de novo that a court does in a proceeding following a remand from an appellate court. Rather, in the context of a trial de novo, the district court is acting on the same level as the district court who conducted the earlier hearing de novo. Both courts conduct a plenary reconsideration of a proceeding from the same lower court, and the relationship between the two courts is more accurately characterized as horizontal rather than vertical. *See Bernat v. Allphin*, 2005 UT 1, ¶ 26, 106 P.3d 707 (stating that "a trial de novo before a district court is more properly regarded 'as but an enlarged, fact-sensitive part of a single, continuous course of judicial proceedings'" (quoting *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 309 (1984))). As such, on trial de novo the district court is more properly seen as a coordinate trial court, coequal in authority with the district court that ruled on the prior hearing de novo, and not as a superior court whose rulings "must be followed in subsequent proceedings of that case." *See Thurston*, 892 P.2d at 1037–38.

¶19    Thus, once at the trial de novo stage, a hearing de novo is not analogous to an interlocutory appeal, as Respondents argue, but is instead much more like a prior proceeding in the district court on the same case. As a consequence, once the case moves from the justice court to the district court, the first branch of the law of the case doctrine no longer applies; rather, the second branch, which imposes less constraint on a district court judge's ability to change a prior ruling than does the first, comes into play. At that point, the law of the case only "*advises* that a court should not reconsider and overrule a decision made by a co-equal court," because "a trial court has significantly more discretion to reconsider an issue decided by a co-equal court."

*O'Neil*, 848 P.2d at 697 (emphasis added) (citation and internal quotation marks omitted). For example, a judge may revisit decisions already made in a case if "there has been an intervening change of controlling authority[,] . . . when new evidence has become available[,] or . . . when the court is convinced that its prior decision was clearly erroneous and would work a manifest injustice." *Thurston*, 892 P.2d at 1039 (citations omitted); *see also* 21 C.J.S. *Courts* § 238 (2016) ("The law of the case does not have the inexorable effect of res judicata, and does not preclude a court from reconsidering an earlier ruling, if the court believes that the ruling was probably erroneous and that more harm would be done by adhering to the earlier rule than from the delay incident to reconsideration." (footnotes omitted)).

¶20     As a consequence, we reject both Smith's argument that the fresh start inherent in a trial de novo nullifies any earlier decision of the district court in a hearing de novo and Respondents' argument that such decisions can never be reconsidered. The Utah Supreme Court has recognized "that the term de novo means literally anew, afresh, a second time." *Bernat*, 2005 UT 1, ¶ 30 (citation and internal quotation marks omitted). The court has also described a trial de novo on appeal from justice court as a "complete retrial upon new evidence . . . wherein the case is tried in the district court as if it originated there." *Id.* (citation and internal quotation marks omitted). But *Bernat* also describes "a trial de novo before a district court" as "more properly regarded 'as but an enlarged, fact-sensitive part of a single, continuous course of judicial proceedings.'" *Id.* ¶ 26 (quoting *Lydon*, 466 U.S. at 309). And that makes sense. As we have explained, the hearing de novo process provides ready access to district court de novo review of certain justice court decisions that could not effectively be addressed on trial de novo, such as the granting of a motion to suppress evidence, as in this case, that would have seriously impaired the City's ability to proceed with the prosecution. That decision is binding on the

justice court. But there is nothing in the plain language of section 78A-7-118 that requires a complete reconsideration of every decision already made in the district court during the justice court process, and such an approach seems inconsistent with the goal of providing a streamlined, relatively expeditious, and simpler process for appeals by justice court defendants. *Id.* ¶ 15 (noting that the concept of appeal through trial de novo implicitly accepts a lack of finality in exchange for a "simple and speedy" process (quoting *Colten v. Kentucky*, 407 U.S. 104, 118–19 (1972)).

¶21 Rather, application of the second branch of the law of the case doctrine promotes these goals, preventing wholesale reconsideration of decisions already made, while providing the district court with the flexibility to revisit prior decisions in the interest of justice. For instance, it makes little sense to require as a matter of course that a district court's decision interpreting a statute (as where the validity of a statute or ordinance is challenged on rehearing de novo) or finding facts (as in the hearing de novo of most motions to suppress) be done over on trial de novo by the same or another district court. But it may make sense to do so when, for example, the law or the evidence has evolved in the meantime or a party can establish that more harm than good will flow from adhering to the prior ruling. And the law of the case permits this sort of flexibility, without requiring repeated "do-overs" simply as a matter of form. *See Thurston*, 892 P.2d at 1039.[8]

---

8. It follows from our decision here that assignment of a judge different from the one who heard a hearing de novo is neither required nor prohibited. The law of the case contemplates that the same judge may be presiding at a point in the proceedings, such as a trial de novo, when a defendant may request reconsideration of a prior decision. And there is no reason to question the ability of such a judge to impartially fulfill that role.

(continued…)

IV. Smith's Request for Relief

¶22 Smith petitioned for extraordinary relief under rule 65B. *See* Utah R. Civ. P. 65B. "[R]ule 65B(d) is the equivalent of a common law petition for a writ of mandamus and provides the equivalent remedy." *Hogs R Us v. Town of Fairfield*, 2009 UT 21, ¶ 11, 207 P.3d 1221. "The common law writ of mandamus was designed to compel a person to perform a legal duty incumbent on him by virtue of his office or as required by law." *Id.* (citation and internal quotation marks omitted). "Though a plaintiff may request the district court to direct the exercise of discretionary action, the writ is not available to direct the exercise of judgment or discretion in a particular way." *Id.* (citation, emphasis, and internal quotation marks omitted). The granting of relief is

---

(…continued)

*Cf. In re Inquiry Concerning a Judge*, 2003 UT 35, ¶ 6, 81 P.3d 758 (per curiam) ("[T]he fact that a judge may have views on a particular issue or that a judge adopted a particular point of view or interpretation of the law in a prior case does not constitute bias or prejudice."). Certainly, neither the statute nor the rule require that a judge assigned to a trial de novo not have been involved in the case before. In fact, it is quite possible that a district court judge involved in hearings de novo during the course of the justice court case may be assigned to the trial de novo on appeal from a justice court conviction. This is particularly true in judicial districts in less populous areas of the state. Judges routinely reconsider decisions as a result of, for example, a trial court's decision to grant a new trial or an appellate remand for a new trial or other proceedings. Smith has pointed us to no authority that holds that in such cases the judge who originally ruled in a hearing de novo must be replaced for the subsequent trial de novo, nor has he claimed that Judge Hruby-Mills harbors any particular bias or prejudice related to this case.

discretionary, and "[u]nlike a party filing a direct appeal, a petitioner seeking rule 65B(d) extraordinary relief has no right to receive a remedy that corrects a lower court's mishandling of a particular case." *State v. Barrett*, 2005 UT 88, ¶ 23, 127 P.3d 682. "The question of whether to grant a petition for extraordinary relief lies within the sound discretion of this court." *Snow, Christensen & Martineau v. Lindberg*, 2013 UT 15, ¶ 22, 299 P.3d 1058.

¶23   Rule 65B provides that "[w]here no other plain, speedy and adequate remedy is available, a person may petition the court for extraordinary relief on any of the grounds" identified in the rule. Utah R. Civ. P. 65B(a). We may grant extraordinary relief where the lower court has, among other things, "(A) . . . exceeded its jurisdiction or abused its discretion; (B) . . . failed to perform an act required by law as a duty of office, trust, or station; [or] (C) . . . refused the petitioner the use or enjoyment of a right or office to which the petitioner is entitled." *Id.* R. 65B(d)(2). The grounds for relief that are relevant to the present matter are enumerated in subsection (A), which addresses the wrongful use of judicial authority. *Id.* R. 65B(d)(2)(A). In this regard, "[w]here the challenged proceedings are judicial in nature, the court's review shall not extend further than to determine whether the respondent has regularly pursued its authority." *Id.* R. 65B(d)(4). "Extraordinary relief may be available upon a showing that the lower court has exceeded its permitted range of discretion, and a mistake of law may constitute such an excess." *Salt Lake City v. McCleve*, 2008 UT 41, ¶ 5, 190 P.3d 1240. Importantly, however, even "if a petitioner is able to establish that a lower court abused its discretion, that petitioner becomes eligible for, but not entitled to, extraordinary relief." *Barrett*, 2005 UT 88, ¶ 24. The granting of relief under rule 65B turns on "multiple factors," including, but not limited to, "the egregiousness of the alleged error, the significance of the legal issue presented by the petition, the severity of the consequences occasioned by the alleged error, and

[any] additional factors." *Id.*; *see also McCleve*, 2008 UT 41, ¶ 11 (concluding that "extraordinary relief is warranted" where "the district court's error . . . was not egregious, [but] the legal issue is significant; [and] there are many similar cases pending in the district courts which raise this very issue").

¶24 Here, the district court denied Smith the opportunity to relitigate his motion to suppress because it concluded as a matter of law that Smith was not entitled "to have the District Court hear again . . . the same Motion to Suppress that ha[d] previously been argued before and decided by the District Court." In reaching this conclusion, the district court relied upon rule 38(e)(2) of the Utah Rules of Criminal Procedure and stated that "in this case [the court] does not deem it necessary" to hear Smith's motion to suppress. Rule 38 provides the process for appeals from justice court to district court and specifically states that "[d]iscovery, the trial, and any pre-trial evidentiary matters *the court deems necessary*, shall be held in accordance with these rules." Utah R. Crim. P. 38(e)(2) (emphasis added). In this context, the district court's decision is reasonably understood as a determination that revisiting the motion was not necessary because Smith had not demonstrated that there was a change in the law or in the evidentiary landscape, that the prior decision was clearly incorrect, or that adhering to the prior ruling would yield more harm than good. Thus, the district court was justified in exercising its discretion not to hear the motion again.

¶25 Smith has not persuaded us that the district court abused its discretion in finding that it did not need to rehear the motion. Both the City and Smith had the opportunity to present their most compelling argument to the district court at the hearing de novo regarding the justice court's ruling that granted Smith's motion to suppress evidence. Smith had a full opportunity at that hearing to argue why the traffic stop was unlawful and why the evidence obtained after the stop should be suppressed before the district court. Smith submitted briefing on the issue and cross-examined the City's only witness. After briefing,

testimony, and argument from both the City and Smith, the district court denied Smith's motion to suppress and remanded the case to the justice court. *See* Utah Code Ann. § 78A-7-118(7) (LexisNexis Supp. 2015). Additionally, in his reply brief, Smith acknowledges that the law of the case doctrine as discussed in *Thurston v. Box Elder County*, 892 P.2d 1034 (Utah 1995), "permits reconsideration of rulings which are clearly incorrect or that would work a manifest injustice if left undisturbed," but on appeal he has not pointed us to any portion of his motion to suppress that argues either a change of controlling authority or any newly discovered evidence. (Citing *Thurston*, 892 P.2d at 1038–39.) Instead, Smith only argues that he "is entitled to have his motion to suppress heard in the de novo appeal so his counsel has the opportunity to advocate fully for him as the evidence may come out under the law as it stands at the time of the hearing."

¶26 Given that the exceptions to the law of the case doctrine contemplate at least a change of some significance in the facts, the law, or the argument even under the flexible approach we have outlined here, we cannot say that the district court either misapplied the law or abused its discretion in determining that it was not "necessary" to rehear Smith's motion. It is not apparent on the record whether Smith presented anything to the district court that triggered consideration of such an exception or whether the district court understood that it had flexibility to reconsider the motion to suppress under the law of the case doctrine. *See id.* at 1039 (providing for reconsideration of a prior decision under the law of the case where "there has been an intervening change of controlling authority," "new evidence has become available," or "the court is convinced that its prior decision was clearly erroneous").

CONCLUSION

¶27    We conclude that, while the second branch of the law of the case doctrine gives the district court discretion to reconsider, in the context of a trial de novo, a decision made by the same or a different judge in an earlier hearing de novo in the same case, Smith has failed to persuade us that the district court abused its discretion by declining to do so here. As a result, because Smith has failed to persuade us that the court abused its discretion or that his request for extraordinary relief is otherwise merited, we deny his petition.

_____