**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1048-17T3

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as trustee
for Morgan Stanley ABS
Capital I Inc., Trust 2006-HE8
Mortgage Pass-Through
Certificates, Series 2006-HE8,

     Plaintiff-Respondent,

v.

LUCIANA DESTEFANO, a/k/a
LUCIANA A. DESTEFANO, a/k/a
LUCIANA A. MARASPIN-DESTEFANO,
and 634 CLARK AVENUE, LLC,

     Defendants-Appellants.

_____

        Submitted November 14, 2018 – Decided December 10, 2018

        Before Judges Fisher and Hoffman.

        On appeal from Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-028012-15.

        Law Offices of Frederick Coles, III, attorney for appellant (Frederick Coles, III, on the briefs).

Blank Rome LLP, attorneys for respondent (Edward W. Chang and Matthew M. Maher, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendants Luciana Destefano and 364 Clark Avenue, LLC appeal from the Chancery Division's order granting summary judgment to plaintiff, Deutsche Bank National Trust Company (Deutsche Bank), as trustee of Morgan Stanley ABS Capital I, Inc. Because the record reflects genuine issues of material fact as to the validity of Deutsche Bank's mortgage and the amount of indebtedness, we reverse and remand for further proceedings.

In July 2006, Destefano executed a note in the amount of $238,500 and a purchase money mortgage on her home in Union Beach in favor of Home 123 Corporation. Destefano failed to make payments under this agreement and the loan went into default on December 1, 2006. The mortgage was assigned to Saxon Mortgage, Inc., (Saxon), which filed the first of two foreclosure actions against Destefano in April 2007.

After Destefano failed to respond to the complaint, Saxon requested entry of default, and in March 2008, the Chancery Division issued a final judgment and writ of execution in Saxon's favor. On June 9, a sheriff's sale was conducted, and the property was sold to Saxon. However, two months later, Destefano filed

2

a motion to vacate the final judgment, asserting the foreclosure complaint was never served upon her. In December 2008, the court granted Destefano's motion and issued an order vacating both the final judgment and the sheriff's sale. Four months later, the case was dismissed without prejudice, apparently based on a stipulation between the parties.

On August 5, 2010, Deutsche Bank's loan servicing company issued to Destefano and filed with the IRS a Form 1099-C, Cancellation of Debt. The form listed the "[a]mount of debt cancelled" as $239,113.17, and listed the address of the subject property as the "[d]ebt description." Deutsche Bank asserts this form "was erroneously issued as a result of the [June 9, 2008] Sheriff's Sale to Saxon following the entry of judgment in the 2007 Saxon [f]oreclosure [a]ction, which was later vacated by the Chancery Court." The record also includes a "corrected" 1099-C, listing the amount of debt cancelled as $0.00, and again listed the subject property as the "[d]ebt description." The corrected Form 1099-C reflects the same "date cancelled" as the original form – August 5, 2010 – but contains no other information or explanation why it was issued. Deutsche Bank asserts the corrected 1099-C was issued to Destefano in December 2015, "to reflect that the mortgage debt had not, in fact, been cancelled."

A-1048-17T3

On August 13, 2015, approximately four months <u>before</u> the issuance of the "corrected" 1099-C, Deutsche Bank filed the instant foreclosure action, as the successor mortgagee and holder of the note.[1]  A default judgment was entered in Deutsche Bank's favor, but Destefano again filed a motion to vacate, which the court granted on December 14, 2015.  At that time, during oral argument, the trial judge noted that Destefano "does have a meritorious defense, . . . claim[ing] that the [F]orm 1099[-]C cancellation of debt was issued to her on August 5[], 2010 in connection with the ownership of that property."

Destefano then filed an answer, along with affirmative defenses and counterclaims.  Significantly, one counterclaim alleged a Fair Debt Collection Practices Act (FDCPA) violation because the "debt which [Deutsche Bank] seeks to collect upon during the course of this action has already been cancelled by [Deutsche Bank]," and another counterclaim which sought to compel Deutsche Bank to file a discharge of mortgage, "[b]ecause the debt associated with the . . . [n]ote was cancelled on August 5, 2010 . . . ."  In response, Deutsche Bank filed a motion to dismiss the counterclaims, arguing that Destefano failed to state a claim because its loan servicer had "issued a Corrected Form 1099-C

---

[1]  The day before the filing of this second foreclosure complaint, Destefano conveyed the subject property to 364 Clark Avenue, LLC.  Deutsche Bank then joined the LLC as a defendant since it is now the owner of record.

A-1048-17T3

demonstrating that the amount of cancelled debt was '$0.00.'" Alternatively, Deutsche Bank asserted that Destefano's "FDCPA claim was non-germane to the [f]oreclosure [a]ction." On March 18, 2016, the motion judge heard oral argument and found "that these counterclaims are not germane to . . . [Deutsche Bank]'s action in mortgage foreclosure," and reasoned that the 1099-C issuance was "a transaction that took place four years after the mortgage agreement was entered into." Based on these findings, the judge issued an order dismissing all of Destefano's counterclaims.[2]

Three months later, the parties filed cross-motions for summary judgment. At oral argument, Destefano's attorney argued that "[o]nce [Deutsche Bank] issued that 1099[-]C to [Destefano], [she] relied upon it and no longer [was] obligated to make payments." The judge rejected this argument, instead agreeing with Deutsche Bank that the issue regarding the 1099-C had already been litigated and determined when the court dismissed Destefano's counterclaims. The judge then found that Deutsche Bank "established a prime facie right to foreclose through the certification" of a "contract management

---

[2] While the order did not specify the dismissal of the counterclaims was without prejudice, the judge's comments clearly indicate she intended to dismiss without prejudice. Regardless, when an order fails to say that it is with prejudice, it is usually deemed to be without prejudice. See Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93-97 (App. Div. 2008).

5

coordinator" for Deutsche Bank's loan servicer, concluding it "established the validity of the note and mortgage, the right to foreclose and the amount of indebtedness." Destefano then filed the instant appeal.

We apply the same standard as the trial court when reviewing the disposition of a motion for summary judgment. W.J.A. v. D.A., 210 N.J. 229, 237 (2012) (citation omitted). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). Without making credibility determinations, the court considers the evidence "in the light most favorable to the non-moving party" and determines whether it would be "sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

The right to foreclose arises upon proof of execution and recording of a mortgage and note, and default on payment of the note. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). "[T]he only issues in a foreclosure action are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged

premises." U.S. Bank Nat. Ass'n v. Curcio, 444 N.J. Super. 94, 112-13 (App. Div. 2016) (quoting Sun NLF Ltd. P'ship v. Sasso, 313 N.J. Super. 546, 550 (App. Div. 1998)). A foreclosure action will be deemed uncontested if the responsive pleadings "have been stricken" or do not "contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose . . . ." R. 4:64-1(c)(2), (3).

Applying the Brill standard, we conclude there are genuine issues of material fact as to the validity of the mortgage and the amount of indebtedness based on the initial 1099-C, which on its face confirmed the cancellation of Destefano's debt. Viewed in a light most favorable to Destefano, a factfinder could conclude that Destefano reasonably relied on the 1099-C, which was indisputably issued to her. Moreover, the "corrected" 1099-C form was not issued to Destefano until after the filing of the instant action. We reject the motion judge's determination that this issue is non-germane to the case, as it directly relates to the validity of the mortgage, the amount of indebtedness, and Deutsche Bank's right to foreclose. R. 4:64-1(c)(2). Indeed, when the motion judge granted Destefano's motion to vacate the default judgment, she noted that Destefano had "a meritorious defense," referring to the 1099-C. Yet, the record lacks factual determinations or a judgment on the merits as to this defense;

7

therefore, law-of-the-case or res judicata doctrine was not applicable. See Feldman v. Lederle Labs., 125 N.J. 117, 132 (1991) ("The law-of-the-case doctrine is a guide for judicial economy based on the sound policy that 'when an issue is once litigated and decided during the course of a . . . case, that decision should be the end of the matter.'" (quoting State v. Hale, 127 N.J. Super. 407, 410 (App. Div. 1974) (alteration in original))).

Deutsche Bank further argues that "even if [Destefano]'s mortgage debt was 'cancelled' by the 1099-C as she claims, [Deutsche Bank] was still entitled to bring its [f]oreclosure [a]ction as an in rem proceeding to enforce its mortgage lien." We disagree. "[F]or an equitable lien to arise there must be a debt owing from one person to another, specific property to which the debt attaches, and an intent, expressed or implied, that the property will serve as security for the payment of the debt." Highland Lakes Country Club & Cmty. Ass'n v. Franzino, 186 N.J. 99, 111-12 (2006) (citation omitted). If the court were to conclude that the 1099-C cancelled Destefano's debt to Deutsche Bank, then Deutsche Bank would have no right to foreclose on the property.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1048-17T3